No. 18,121.

FILM ENTERPRISES, INC. *v.* SELECTED PICTURES, INC., ET AL.

(306 P. [2d] 252)

Decided January 21, 1957. Rehearing denied February 11, 1957.

Messrs. HODGES, SILVERSTEIN, HODGES & HARRINGTON and JAMES B. REED, for plaintiff in error.

Mr. EDWARD MILLER, for defendant in error Ruth S. Wolfberg.

*In Department.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFF in error, who was plaintiff below, brings error to review a judgment of the district court dismissing its complaint as to Harris P. Wolfberg, and in

denying a motion to substitute as a party defendant the executrix of the deceased defendant Harris P. Wolfberg. Defendant in error, Ruth S. Wolfberg, as Executrix of the estate of Harris P. Wolfberg, deceased, appearing specially in this Court has moved to dismiss the pending writ of error. As grounds therefore she alleges: (1) That this defendant in error was not substituted for Harris P. Wolfberg within two years after the death of Harris P. Wolfberg, or at any time; and (2) that the writ of error was issued after three months from the entry of the judgment complained of insofar as this defendant in error is concerned. Plaintiff in error has answered and both parties have filed briefs.

From the record it appears that on February 25, 1954, after the death of Harris P. Wolfberg, plaintiff filed its motion to substitute his executrix as a defendant in the trial court. Following a hearing on April 14, 1954, that motion was denied. No reason was given by the trial court as the basis of its ruling, and no order dismissing the case as to Harris P. Wolfberg was entered. We note that both the motion for substitution under Rule 25, Colo. R.C.P., and the court's order denying the same, fail to disclose either the date of death or the date of admission to probate of the last will and testament of Harris P. Wolfberg; however, in plaintiff in error's answer in this court it is stated that he died in January, 1954. With the motion below disposed of, the matter proceeded to trial without a jury, resulting in a judgment of dismissal which was entered March 19, 1956. Plaintiff's motion for a new trial alleged among other things that it was error to deny its motion for substitution of the executrix for the deceased defendant Wolfberg. Motions for new trial and for judgment were both denied by the trial court on July 31, 1956, and plaintiff in error seeks relief by writ of error.

The sole question now before us is:

*Can a substitution of this defendant in error now be made or ordered?*

This question is answered in the negative.

Rule 25, Colorado R.C.P., with respect to substitution of parties provides:

"(a) Death.

"(1) If a party dies and the claim is not extinguished or barred, the court within two years after death *may* order substitution of the proper parties. If substitution is not so made, the action *shall* be dismissed as to the deceased party. * * * " (Emphasis supplied.)

"(2) (e) Substitution at Any Stage. Substitution of parties, under the provision of this rule, may be made by the trial court, either before or after judgment, and by the supreme court in proceedings on writ of error."

 Here the record and briefs show that the executrix has not been substituted and that the death occurred in January, 1954. It is now January, 1957, three years later. Our rules of civil procedure provide that, regardless of the reason, if a substitution is not made within two years after death the action *shall* be dismissed as to deceased party. Clearly no substitution can now be made or ordered, for more than two years have passed since Harris P. Wolfberg's death. *Anderson v. Yungkau,* 329 U.S. 482, 67 S. Ct. 428; *Fleming v. Sebastiani, et al.,* 161 F. (2d) 111, (1947).

 Rule 6 (b), Colo. R.C.P., expressly forbids the enlargement of time under Rule 25, Colo. R.C.P. The assertion of the right of substitution well within the two year period did not prevent the time from running against plaintiff in error. Our rule 25 (a) operates both as a statute of limitations upon the revivor and as a mandate to the court to dismiss an action not properly revived within the two year period. Failure of the trial court to order a dismissal cannot change the effect of the rules. The writ of error as to the executrix now presents a moot question. *Fleming v. Sebastiani, supra.*

Normally statutes of limitation are matters of substantive law, but this rule on dismissal, like many of our rules, merely has the effect of such a statute, and,

when not in conflict with express statutory provisions is valid. This interpretation is not in conflict with the statute which authorized the adoption of the Rules of Civil Procedure which provides in part: "Such rules shall neither abridge, enlarge, nor modify the substantive rights of litigants." S.L. '39, Chapter 80, page 264, Section 1.

In view of the conclusion already stated the other reason for dismissing the writ of error need not be considered.

The writ of error is dismissed as to defendant in error Ruth S. Wolfberg, Executrix of the Estate of Harris P. Wolfberg.

Mr. Chief Justice Moore, Mr. Justice Knauss and Mr. Justice Day concur.