No. 18,395.

FILM ENTERPRISES, INC. *v.* RUTH S. WOLFBERG, EXECUTRIX, ETC.

(321 P. [2d] 218)

Decided February 3, 1958.

Messrs. HODGES, SILVERSTEIN, HODGES & HARRINGTON, Mr. JAMES B. REED, for plaintiff in error.

Mr. EDWARD MILLER, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFF in error, Film Enterprises, Inc., was claimant below and will be referred to as "Film." Selected Pictures, Inc., a defendant in error in case No. 18,121 in this court, will be referred to as "Selected." Ruth S. Wolfberg, Executrix of the Estate of Harris P. Wolfberg, deceased, defendant in error here, will be referred to as "Executrix." The Harris P. Wolfberg Estate will be referred to as "Estate."

Executrix has filed her motion to dismiss the writ of error in this case asserting that an order of the county court complained of dated May 22, 1957, is not a final judgment.

As hereafter appears, a complicated fact situation is disclosed by the record in both this case and its related case No. 18,121 now pending in this court.

Prior to the death of Harris P. Wolfberg, he and the other defendants in error in No. 18,121 were named defendants in a district court suit, to which we will refer as the "District Court case" and in which Film as plaintiff asserted that Selected had failed to pay an amount due it, its claim being based upon an alleged transfer of assets by Selected to John M. Wolfberg and Harris P. Wolfberg allegedly in fraud of creditors and by the declaration of improper dividends by John M. and Harris P. Wolfberg as directors of Selected, the end result being that Selected was allegedly left without assets to pay its creditors.

In the District Court case Film made timely application for an order to substitute Executrix for Harris P. Wolfberg following the latter's death. This motion was denied by the trial court and write of error sued out thereon by Film. This court held in *Film v. Selected, et al,* 134 Colo. 451, 306 P. (2d) 252, that under Rule

25 (a), Colo. R.C.P., the substitution not having been effected within two years as required by the rule that upon writ of error the presented question of substitution was moot.

The district court, following its denial of the motion for substitution, proceeded to trial which resulted in a dismissal of Film's action against Selected and the other defendant John M. Wolfberg. That case is now pending on writ of error in this court.

On February 25, 1954, within the statutory period, Film filed its claim against Estate for the same claim being sued upon in the District Court case, and on April 20, 1954, filed a re-statement of its claim not mentioning the suit then pending in another court relating to said claim.

On March 8, 1957, Executrix filed her motion for disallowance of the claims in the county court.

A written stipulation was entered into between counsel for Film and Executrix setting forth the issues to be determined upon a hearing on the motion for disallowance in the county court. Following a hearing the county court on May 20, 1957, entered its written findings and orders which among other things stated that the question presented was one of jurisdiction as to whether the court had the right to proceed to determine the claim on its merits in view of the pending district court action, and concluded that in view of our decision in *Koon v. Barmettler,* 134 Colo. 221, 301 P. (2d) 713, there was no abdication of jurisdiction by the district court in the case there pending merely because it had denied the motion to substitute Executrix, saying in that regard "* * * * The Barmettler case seems to have settled the matter of jurisdiction, and applying the rules to this case, if the case is pending at the time of the death of the decedent, then the jurisdiction lies in that court having acquired jurisdiction during the lifetime, and the filing of the claims in the probate court is only for the purpose of showing assets — in other words, complying with that

portion of the statute concerning the unliquidated or unmatured claims. * * *." The court then stated: "* * * the Court is not fully informed as to the parties involved in the remaining action. (In the District Court.) The order of the District Court, as stated in the stipulation, refers to an order against defendants, without naming them; therefore, the court cannot at this time be advised as to the effect thereof in the action (District Court case) presently pending before the Supreme Court." (Paranthetical words added.)

"The court has already indicated that it will not consider the determination of the matter as to the merits, because I disposed of that, holding that I did not have jurisdiction; but the court will allow the so-called claim to remain on file as notice, pursuant to statute, until there is a final determination of the presently pending action in the Supreme Court.

"Motion for rehearing dispensed with, since if such motion were filed it would be denied. Sixty days in addition to the statutory period allowed if appeal is desired, in which event bond is set in the sum of $25.00."

Counsel for Film have candidly stated that the purpose of this writ of error is that if this court concludes that the order of the county court above quoted is not a final order, then "* * *, we ask that it be made so clear that hereafter no contention to the contrary can be made." Counsel further asserts that "If this Court concludes that the order complained of is a final order, then we submit it is erroneous." Counsel then enumerate various grounds which they contend sustain their position.

We do not believe that the findings and orders of the county court set forth any final judgment and thus the writ of error must be dismissed. *Enos v. Dist. Ct.* 124 Colo. 335, 238 P. (2d) 861. The county court did not determine the claim. It merely stated that it considers it an unliquidated claim which it should hold in abeyance pending final determination of the District

Court action. The statements of the court that it did not have jurisdiction, dispensing with motion for rehearing and granting additional time for suing out a writ of error, if desired, were inconsistent with permitting the claim itself to remain on file and undecided by it. By retaining jurisdiction of the claim and suspending proceedings pending determination of the District Court case, the county court could not at the same time enter a final judgment on the claim.

In view of our holding herein it is not necessary to determine the other matters urged upon us.

Writ dismissed.