No. 13,864.

BOULDERADO MOTORS, INC. v. PETERSON ET AL.
(66 P. [2d] 1271)

Decided March 29, 1937. Rehearing denied April 19, 1937.

244

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. R. A. DICK, for plaintiff in error.

Messrs. HAWKINS & HAWKINS, Messrs. RINN & CONNELL, Mr. CARL W. BERUEFFY, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

WHILE submitted upon error assigned to the judgment entered upon the jury verdict in a separate trial, this case arises out of the same automobile collision and is by counsel generally considered as a companion case to that of *Boulderado Motors, Inc. v. Peterson,* the decision in which was announced at the same time and which is reported in volume 100 Colorado reports at page 238. For a statement of the facts, sufficient for our present consideration, reference is made to the opinion in that case.
Between the two cases, the distinction requiring notice here, lies in the fact that the present case was instituted by Roy W. Peterson and Minnie Peterson, his wife—they being the father and mother respectively of Mildred Peterson—to recover damages for her death re-

sulting from the injuries received in the automobile collision involved in both cases. In this case the driver of defendant's automobile, George Livingston, was joined with defendant Boulderado Motors, Inc., his alleged employer, as a party defendant. Owing to the infancy of Livingston, complications arose concerning service upon him and his failure to appear, resulting in various delays in the trial upon the merits as against the codefendant, and plaintiff's counsel asked and obtained leave of court to strike his name as a defendant. Trial then proceeded against the remaining defendant without objection, resulting in a judgment against it in the sum of $3,500. Error to that judgment now is assigned on virtually the same grounds as those presented in the companion case; however, for the first time, defendant here interposes the defense of res judicata or release, due to the dismissal of defendant Livingston from the case. This is based upon the broad theory that such dismissal absolves the defendant here. Following a long line of decisions by this court, we are not required to consider the contention because no mention is made of this specific defense in the pleadings, the evidence, the instructions, the motion for a new trial or the assignments of error. It follows of course that the trial court had no opportunity to pass upon the question, and therefore, it will not be considered other than to say that the defendant now takes a most inconsistent position as will appear from the following: In this kind of an action, "plaintiff may at any stage of the cause * * * dismiss or discontinue as to a part of the defendants without discharging the rest." 18 C. J. 1162, §37; *Carper v. Risdon,* 19 Colo. App. 530, 76 Pac. 744. In the case before us there was a voluntary dismissal, without consideration, as to Livingston, and this dismissal in and of itself, is no evidence that any consideration passed which could be said to be a settlement or compromise of plaintiff's claim against the present defendant for relief. The situation is entirely different to what it might have been, had Livingston, a servant of defendant,

been absolved by a jury verdict. If defendant seriously considered the dismissal of Livington from the case as providing a defense of res judicata, he should then and there have interposed such defense because, if it was res judicata, the very question upon which he later joined issue and proceeded to trial, already was settled. By proceeding further he waived the benefits, if any he could claim by reason of this defense. "Res judicata is a defense that must always be pleaded affirmatively * * *." *People ex rel. v. County Court,* 68 Colo. 420, 190 Pac. 425.

As to all other errors assigned and questions raised, such are definitely disposed of by the opinion of this court in the companion case to which reference is made. We might now say in addition to what was there stated, that as to the defense based on the theory that Livingston was an independent contractor, which is sought to be interposed here for the first time, we apply the same rule under which we refuse to consider any question so belatedly presented. This attempted defense presents another inconsistency in that it destroys the one made upon the trial and insisted upon in defendant's tendered instructions; that is, the defense of nonliability on the part of the defendant company under a claimed bailment of the automobile involved, to Livingston.

The judgment being right in the companion case, as we have determined, and the facts and the law supporting that judgment applying with equal, if not greater, force in the present litigation, under the well settled rules applicable to cases of this character which involve a guest, it follows logically that we must uphold the judgment of the lower court, and accordingly it is affirmed.

Mr. Chief Justice Burke and Mr. Justice Knous concur.