## No. 17,319.

CARLILE ET AL. *v*. ZINK, EXECX.

(276 P. [2d] 554)

Decided November 1, 1954.   Rehearing denied December 6, 1954.

Messrs. SEAVY & SEAVY, Messrs. GRANT, SHAFROTH & TOLL, Mr. ERL H. ELLIS, for plaintiffs in error.

Messrs. BELLINGER & FARICY, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE controversy involved in this case has been before this Court by writ of error on a former occasion. Our opinion in those proceedings is reported as *Zink, Executrix v. Carlile,* 126 Colo. 208, 248 P. (2d) 306. For a full understanding of pertinent facts one should read the opinion in the case cited. No good purpose would be served in repeating them here. For a basic conception of the question formerly determined we quote from that opinion as follows: "Grace Zink, as plaintiff, pleads and proves a trust, and as beneficiary thereof prays for an accounting by the trustees. The answer and proof of the trustees admit the trust, but seek to avoid an accounting by reason of Exhibits 1 and 2 which purport to evidence a gift from the beneficiary to the trustees of all the beneficiary's interest in the corpus of the trust estate. Plaintiff in her reply, alleges all the necessary facts to raise the issue of undue influence in connection with the execution of Exhibits 1 and 2."

Upon the former review we held that the trial court committed error in disposing of the case upon the theory, clearly indicated by the findings, that plaintiff had failed to establish any of the allegations of her reply intended to show that Exhibits 1 and 2 were invalid because of undue influence exerted in the procurement thereof. The basis for this holding was the rule applied in *Anderson v. Lindgren, Adm'r,* 113 Colo. 401, 157 P. (2d) 687; and *Hilliard, Adm'r v. Shellabarger,* 120 Colo. 441, 210 P. (2d) 441. We stated the applicable rule in *Zink v. Carlile, supra,* as follows: "A trustee may purchase from the *cestqui que trust,* or accept a benefit from him, but the transaction must be beyond suspicion; and the burden is on the trustee to vindicate the bargain or gift from any shadow of suspicion, and to show that it was perfectly fair and reasonable in every respect, and

courts will scrutinize the transaction with great severity."

The record discloses that in the trial of the action before the first writ of error was issued, attorneys for plaintiff rested her case and thereupon counsel for defendants moved for dismissal for the reason that plaintiff "has failed to establish the allegations of their complaint." Prior to any ruling on this motion, counsel for defendants rested and renewed the motion to dismiss at the close of the case. The trial court took the matter under advisement and thereafter entered judgment, which, on review, was reversed by this Court.

Following the Court's opinion, and after the cause had been remanded to the trial court, counsel for plaintiff Grace Zink, on October 17, 1952, filed her amended motion for judgment, in which she stated, inter alia:

"That the Supreme Court of the State of Colorado has held that plaintiff and claimant is entitled to favorable judgment herein and in its Opinion dated August 18, 1952 and its Mandate to this Court dated September 29, 1952 has resolved all of the issues herein for plaintiff and claimant and against defendants." This motion was argued and taken under advisement by the trial court, and May 9, 1953, an order was entered which we quote in part as follows:

"This matter having been remanded to this Court by the Supreme Court of the State of Colorado after reversing the former's judgment, said matter having been remanded for further proceedings consistent with the latter Court's views, and after receiving the remittitur and hearing the arguments of counsel as to the procedure of this Court, this Court finds that the error committed by it was committed after the trial of the issues, to-wit: by entering judgment for the defendants instead of entering judgment for the plaintiff, and being now advised in the premises,

"The Court doth sustain plaintiff's amended motion for judgment,

"Therefore, it is Ordered and Adjudged by the Court that the judgment heretofore entered herein by this Court on October 13, 1951, nunc pro tunc April 21, 1951, be and the same is hereby vacated, set aside and held for naught, and that judgment be entered herein for plaintiff pursuant to the opinion of and the remittitur from the Supreme Court."

Defendants in the action made no motion to reopen the case for the purpose of introducing further evidence upon the issue of undue influence.

May 18, 1953, after the entry of the above-quoted order, counsel for defendants filed a "Motion to Vacate" in which they requested the court, "to vacate, set aside, cancel and hold for naught its order entered herein on May 9, 1953 * * *." As grounds for said motion it was alleged:

"I.

"The Court misunderstood, misapprehended and misapplied the opinion of the Supreme Court herein filed on August 18, 1952.

"II.

"The undisputed evidence shows that defendant's Exhibit II, the agreement dated April 19, 1944, was freely and voluntarily entered into by decedent, Norbert Zink, with a complete understanding of his legal rights in and to the subject matter therein mentioned and without coercion or undue influence of any kind or nature.

"III.

"The undisputed evidence show that defendant's Exhibit I, the agreement entered into April 21, 1947, was entered into at a time when no confidential relationship or trusteeship existed between the defendant and decedent, Norbert Zink.

"IV.

"That by reason of the lapse of time between dates of defendant's Exhibit II and the institution of the present action, decedent and his executrix are estopped by laches of decedent from obtaining judgment herein.

"V.

"That the order of May 9, 1953 entered herein is contrary to the applicable provisions of law and is unsupported by and is contrary to the evidence."

This motion was denied, and November 3, 1953, after the parties entered into stipulations concerning the details of the accounting, final judgment was entered pursuant to the order of May 9th. Defendants, seeking reversal of this judgment, bring the cause here for review by writ of error.

It is contended by defendants that the judgment of the trial court should be reversed because no new trial was had following our first opinion. It is argued that it was the duty of the trial court to grant a new trial because:

"1. The Supreme Court did not order a judgment for the plaintiff, but remanded for further proceedings, and this ordinarily calls for a new trial. 2. In a case exactly the same procedurally the Supreme Court had specifically recognized the necessity of a new trial after reversal. 3. This second judgment is not founded upon any findings of fact, nor could it be without a new trial. 4. A new trial is the necessary further procedure wherever there has not been a full and complete development of all the facts in the first trial."

The former opinion of this Court upon questions raised on the first review, pursuant to writ of error, concluded with the statement, "The judgment accordingly is reversed and the cause remanded for further proceedings consistent with these views." It is urged as a ground for reversal that under the holding in *Hilliard, Adm'r v. Shellabarger, supra,* a new trial was mandatory.

Questions To Be Determined.

■ First: *Where, in an action tried to the court without a jury, a defendant moves for dismissal at the close of the plaintiff's case, and before any ruling thereon rests his own case and renews the motion for dismissal and said motion is sustained; where, on review, the*

*judgment of dismissal is reversed and the cause remanded "for further proceedings" consistent with the views of the Supreme Court; does it necessarily follow that a new trial of any of the issues should be had?*

This question is answered in the negative. There is nothing in the mandate of this Court in the first opinion which indicates that a new trial should be had. A new trial may or may not be necessary, depending upon the circumstances in each case where the question arises. In *Silver State Building and Loan Ass'n v. Independence Indemnity Co.*, 96 Colo. 559, 45 P. (2d) 642, our Court said, inter alia:

"It is contended by the plaintiff in error that the mandate indicates that this court intended that there should be a new trial. Too much emphasis is placed upon the words 'further proceedings.' A dismissal may be a further proceeding. Whether or not a new trial is to be had upon reversal depends upon circumstances. This case was ·fully tried upon the merits, all the evidence that could be produced was produced at the trial, and there was no indication that there was any newly dis-covered or additional evidence that could be presented at another trial."

■ Second: *Under the facts and circumstances hereinabove set forth, did the trial court commit error in entering the judgment in favor of plaintiff without ordering a new trial, particularly upon the question of the exercise of undue influence by defendants?*

This question is answered in the negative. At the original trial plaintiff proved that a trust relationship existed between the parties to the gift agreements upon which defendants based their defense to plaintiff's claim, and that under the terms thereof the trustees profited at the expense of the beneficiary of the trust. Plaintiff relied on the resulting presumption that undue influence was exercised by the trustees in the procurement of the gift agreements. Defendants took the position that the presumption was insufficient to place on them the bur-

den of proceeding with evidence to refute it. Notwithstanding the fact that they had the opportunity to present any and all evidence available on the question of undue influence, and notwithstanding the fact that the law clearly placed upon them the burden to go forward with evidence to rebut the presumption of illegality, defendants were satisfied to close their case and stand upon the record as made. After reversal of the original judgment nothing was presented to the trial court which gave it an opportunity to exercise any discretion that it might have had to re-open the case for further testimony. The motion to vacate the order of May 9th indicated clearly that defendants were content to stand upon the evidence to which the trial court had listened in the first instance.

▆▆▆ Rule 41 (b) (1) R.C.P. Colo., deals with the subject of involuntary dismissals. It provides, inter alia: "After the plaintiff has completed the presentation. of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in rule 52 (a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or failure to file a complaint under rule 3, operates as an adjudication upon the merits." Application of this rule to the facts in the present case leads to the conclusion that the trial court adjudged the controversy upon the merits after defendants had rested their case, and, in the absense of anything in the order for dismissal indicating

otherwise, defendants' right thereafter to introduce additional evidence was lost. *O'Done v. Shulman,* 124 Colo. 445, 238 P. (2d) 1117.

It is strenuously argued that a new trial of the issues was mandatory under the opinion in the case of *Hilliard, Adm'r. v. Shellabarger, supra.* In reversing the judgment there under consideration, and under the particular circumstances there present, we said, inter alia:

"It follows from the foregoing that the burden of proof upon the issue of undue influence rested upon defendants to establish that the transaction in dispute was in point of fact fair, just, and reasonable. The trial court erred in disposing of this cause upon the theory as indicated in the judgment, that the burden of proof was on the plaintiff upon the issue of undue influence.

"The parties may desire to present further evidence or may elect by stipulation to submit the issues for reconsideration by the trial court upon the record as made, but in any event findings of fact should be entered with due regard to the correct rule governing the burden of proof."

It is contended that because this Court indicated by the foregoing language that additional evidence might be presented to the trial court under the mandate in the Shellabarger case, a new trial was compulsory in the case at bar. We think it sufficient to say in this connection that in the instant case, after reversal of the original judgment, no new evidence was offered, no request to reopen the case was made, and in legal effect defendants elected to stand on the testimony theretofore introduced. In so far as this record discloses, the argument is advanced in this Court for the first time that there might have been some additional evidence presented upon the question of undue influence, but even here, no showing is made as to the actual existence of any such evidence or the substance thereof.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE STONE not participating.