No. 17,745.

Evelyn K. Koon *v.* Emma Barmettler as Administratrix, etc.

(301 P. [2d] 713)

Decided September 24, 1956.

Mr. HARRY A. KING, Mr. ROBERT E. HOLLAND, for plaintiff in error.

Mr. GRAHAM SUSMAN, Mr. HYMAN D. LANDY, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the following opinion.

ON June 4, 1956, the judgment of the district court in the instant case was affirmed by operation of law, Chief Justice Alter and Justice Knauss being in favor of affirmance and Justices Moore and Sutton being for reversal, with Justices Holland and Bradfield not participating. At that time there was a vacancy on the court. Later Mr. Justice Sparks was appointed to fill the vacancy caused by the untimely death of Mr. Justice Clark. In due course a petition for rehearing was filed by counsel for plaintiff in error. Justice Sparks, together with Chief Justice Alter and Justice Knauss are of the opinion that the motion for rehearing should be denied, and it has been determined that an opinion should be announced in the case.

Plaintiff in error will be herein referred to as Miss Koon, or claimant, and defendant in error, administratrix of the estate of Frank Barmettler, deceased, will be referred to as the Estate.

In 1946 Miss Koon filed a suit in Denver district court against Frank Barmettler based on a contract dated June 23, 1943, and an alleged breach which occurred November 7, 1944. She asked for damages in the sum of $65,402.88. In this action service was had and issue joined.

On July 18, 1952, Frank Barmettler died with the action against him still pending. On July 28, 1952, his wife, Emma Barmettler, was appointed administratrix of his estate in the Denver county court. On January 23,

1953, Miss Koon, as claimant, filed her claim against the estate stating that an action involving the claim above mentioned was pending and undetermined in the Denver district court.

The administratrix of the estate filed objections to the Koon claim on October 16, 1954, asserting that the district court had jurisdiction of the matters involved in the claim, hence the county court had no jurisdiction. On November 1, 1954, the county court held it did not have jurisdiction, but accepted the claim as notice of the pendency of the case in the Denver district court, and allowed claimant time in which to file evidence in said court of a final order in the district court litigation. On November 12, 1954, said district court action, numbered A-49221, was dismissed with prejudice for failure to substitute a personal representative of the deceased Frank Barmettler as required by Rule 25 (a) (1) Colo. R.C.P. Counsel for Miss Koon sought no review of this judgment of dismissal. Thereafter the Koon claim was called up for hearing in the county court. Robert E. Holland, Esq., now of counsel for plaintiff in error, did not enter this case until May 9, 1955.

On December 29, 1954, the claim was disallowed by the county court. An appeal was then taken to the district court, where on May 10, 1955, the claim was again disallowed. From the judgment thus entered, Miss Koon brings the case here on writ of error.

It was stipulated and agreed by counsel that the claims asserted in the district court action by Miss Koon against Barmettler were identical claims filed in the estate matter in the county court. The claim as filed in the county court definitely stated that the demand was based on the district court action.

■ The Koon contract with Barmettler was dated October 27, 1943, and the breach thereof, which constituted Miss Koon's claim for damages, allegedly occurred on November 7, 1944. Mr. Barmettler died July 18, 1952, more than seven years after the alleged viola-

tion. It is apparent that if the Koon claim was not dependent on the outcome of the district court action but was wholly independent thereof, it was barred by the six year statute of limitations. C.R.S. '53, 87-1-11. The only way the Koon demand could be kept alive was through a determination of the district court action, and the action having been dismissed with prejudice, the statute of limitations had run January 23, 1953, when the claim was filed in the county court for a breach of contract which occurred in 1944.

The district court action was commenced in 1946 and finally disposed of in November, 1954. Why the case was not disposed of by counsel, or by action of the district court, does not appear from the record before us. Nor does it appear why claimant did not apply to the district court for an order substituting the administratrix for the deceased Barmettler, defendant in that action.

The burden rests upon plaintiff, and not upon defendant, to prosecute a case in due course and without unusual delay. Colo. R.C.P. 41 (b) (1). *Johnson v. Westland Theatres, Inc.,* 117 Colo. 346, 187 P. (2d) 932.

Colo. R.C.P. Rule 25, (a) (1) provides: "If a party dies *and the claim is not extinguished* or barred, the court within two years after the death may order substitution of the proper parties. If substitution is not so made, the action *shall* be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party *or by any party,* * * *." (Emphasis supplied.)

The district court action had been pending for more than six years prior to the death of Barmettler, and the action was not dismissed until two years and four months after his demise. Under the rule above quoted, counsel for Miss Koon could have had the administratrix of the estate substituted for Barmettler. However, counsel suffered the case to be dismissed with prejudice.

When the district court, acting pursuant to Rule 25 (a) (1) Colo. R.C.P. dismissed the case with

prejudice, it became res judicata as to all matters involved in the action. The county court so held and allowed claimant time to file evidence of a final adjudication of the case in the district court. Apparently nothing was done by her to comply with the county court order, and counsel for claimant suffered the district court action to be dismissed with prejudice and no attempt was made to have the order reviewed. When the district court suit was dismissed with prejudice it could not be revived by a claim in the county court which embraced the identical cause of action sought to be litigated in the district court, even though such claim was filed prior to the order dismissing the action. The objections to the claim in the instant case were well taken and properly sustained by the trial court. We hold that the dismissal with prejudice constituted a final determination of the matters in controversy between the parties. *James v. James,* 85 Colo. 154, 274 Pac. 816.

In speaking of the delays in this case the distinguished district judge who heard the case, commented: "* * * the court feels constrained to at least comment on the situation we are here confronted with, viz.: We are trying a lawsuit in 1955, the bases of which occurred in 1943 and 1944; this court cannot feel but that is a criticism of our judicial system that allows a dispute which arose in 1943 and 1944 to be reached, or overlooked until 1955. * * * I think there is a criticism of our courts to languish this along. * * * I simply can't believe, if counsel for the one side, or both sides did want to go to trial the matter would not have been heard much earlier, when Mr. Barmettler was still alive." The record before us amply justifies the criticism voiced by the trial judge. Trial courts should, under ample rules now in force and effect, require litigants to try their cases or clear their dockets of inactive cases.

█ We are not unaware of previous decisions of this Court which have in effect upheld the exclusive jurisdiction of the county court to hear probate claims. In

*Colorado National Bank, Admr. v. McCue,* 80 Colo. 55, 249 Pac. 3, we held that when a claim is filed against an estate pending in the county court, then an action involving the same claim cannot subsequently be filed in another court. We confirm that decision on the facts therein set forth.

In the case of *Pierpont v. Earl, Admr.,* 80 Colo. 328, 251 Pac. 529, there is language to indicate that a claimant may have some option to file a claim in the probate court or to file an action in the district court. If this case be regarded as authority for the proposition that a claimant *after probate jurisdiction has attached* in a county court has the option of either presenting his claim in the county court or of filing suit in the district court, then such a holding is expressly overruled.

Since we are advised that this problem has been vexatious to parties and counsel alike, we feel that a clear and definite procedure be set forth to prevent further uncertainty. The problem can be divided into two categories; first, the situation in which a suit is pending in a court of competent jurisdiction prior to the time county court probate jurisdiction attaches; and, secondly, the situation in which no suit has been commenced at the time probate jurisdiction is invoked.

C.R.S. '53, 152-1-3 provides that the administration of all estates be had in the county court. This statute has long been intepreted as vesting exclusive probate jurisdiction in the county courts.

C.R.S. '53, 152-12-12 provides that all claims, except claims of the second class, but including *unmatured and contingent claims,* must be filed in the probate court within six months of the issuance of letters, or be forever barred. It is clear, therefore, that in any event a claim must be filed against an estate as above specified even though there is prior and pending litigation in another court.

In the instant case a suit against the deceased was pending in the district court, prior to the granting of

letters of administration. The question to be answered is whether or not the "exclusive jurisdiction" of the county court in probate ousted the district court of jurisdiction to hear the pending cause.

■ It is Hornbook law that a plaintiff may not have two cases pending at the same time involving the identical claim. Having chosen the district court as the forum in which to try her case, Miss Koon was not at liberty to institute another action to enforce the same demand while the first case was pending. R.C.P. Colo. 25 (a) (1) plainly recognizes the duty resting on litigants to make substitution of an administrator or executor for a party litigant who dies while a case is pending.

This rule clearly contemplates the continuance of a pending cause for or against the deceased party. We are unable to perceive any legislative intent to oust any court of jurisdiction which was properly acquired in the first instance.

■ We hold, therefore, that if jurisdiction to hear a cause has properly attached in any court prior to the granting of letters in a probate court, then such court where the jurisdiction first attached is the court to dispose of the case. It follows that here the county court was correct in refusing jurisdiction of a case already pending in the district court prior to the issuance of letters.

■ We turn now to the second phase where no action is pending in another court against a deceased party prior to the issuance of letters in a county court. In such a case the county court sitting in probate has exclusive jurisdiction in its broadest sense to hear and determine all claims presented, and a claimant has no option to file suit in another court after the issuance of letters. C.R.S. '53, 152-1-8 grants the right of appeal from the county court to the district court in probate matters, but in any event, the county court is the first and proper forum under the situation set forth in this paragraph.

Perceiving no error in the record, the judgment is affirmed.

MR. JUSTICE HOLLAND and MR. JUSTICE BRADFIELD not participating.

MR. JUSTICE MOORE and MR. JUSTICE SUTTON dissent.

MR. JUSTICE SUTTON, dissenting.

I must respectfully dissent for the reasons hereinafter set forth.

The chronology of events to the filing of the claim is:

1. Suit filed in District Court in 1946 based on a contract dated October 27, 1943, with an alleged breach which occurred November 7, 1944.

2. Defendant Barmettler died July 18, 1952, with an administratrix appointed for his Colorado resident estate on July 28, 1952.

3. Claimant Koon filed her claim against the defendant Barmettler's estate in proper form on January 23, 1953, within the six months required by our statute.

Two points were made by claimant by writ of error:

1. That the dismissal of the suit filed in 1946 on the same facts is not res adjudicata as to claimant proceeding with her claim duly filed in the County Court; and

2. That if the first question is answered favorably for claimant, then it is necessary to determine the validity of the claim after it is determined by the county court whether the claim is barred by any properly plead statute of limitations. Put a different way the question is, if asserted, was the statute of limitations on the estate claim tolled by the filing and existence of the first suit in district court Claimant does not urge this ground on us now because it is for the trial court to first determine.

I agree with claimant's first point and also agree with her that it is not for this Court to determine the second point which should be done by the county court if the matter were remanded for hearing. I will limit my dissent therefore to the first point.

C.R.S. 1953, 152-12-2 sets forth the statute relating to the filing of claims against the estates of decedents. It clearly and unequivocally requires that all claims must be filed within the six months period to assure them of payment, on proper allowance, out of inventoried assets. We are not here concerned with the exception to that requirement.

Here claimant filed her claim within the proper time. It is 17 legal size pages in length and is in proper statutory form. The estate contends this is an unliquidated claim only subject to acceptance by the county court when reduced to judgment in the district court action. The county court recognized this position when it permitted the claim to be lodged as notice subject to claimant furnishing a district court judgment within four months thereafter. There is no such cited requirement in any of our statutes or rules. And it makes no difference whether it is a liquidated or unliquidated claim, in fact unmatured and contingent claims must be filed. C.R.S. 1953, 152-12-12. Under C.R.S. 1953, 152-12-5, a claim must be filed and *if disallowed by the administratrix, then the county court "shall"* hold a hearing thereon. There are concurrent rights here, both provided by statute. See *Bank v. McCue,* 80 Colo. 55, 60, 61, 249 Pac. 3, where the court states that the district and county courts both have jurisdiction where the suit is filed in district court *after* the claim was filed in county court and that the district court should stay its proceedings; also see *Pierpont v. Earl, Administrator,* 80 Colo. 328, 251 Pac. 529, where the Court states it knows of no authority limiting a claimant to a single procedure.

Claimant contends here, and I agree, that she had the right to drop her action in the district court by electing not to substitute the administratrix and in not proceeding there to a hearing on the *merits*. To hold otherwise denies claimant her substantive rights provided by legislative acts under C.R.S. 1953, 152-12-12 and the two

above cited sections, and denies her constitutional guarantees not here raised. In other words claimant under our law could elect to proceed in either court to have her claim heard since under the facts here set forth she had filed her suit in district court prior to Barmettler's death. Our estate claim statute permits a county court to determine claims without limitation. For this reason once plaintiff elected to proceed therein, the county court was in error in not proceeding to hear the claim on its merits subject to any proper affirmative defenses which might there have been raised.

As to whether the district court judgment was res adjudicata at the county court hearing we have an interesting question. Colo. R.C.P. Rule 41 (b) (1) provides in part that under the facts here presented a dismissal operates as an adjudication on the merits; viz., is with prejudice. Colo. R.C.P. Rule 25 says in part if a party dies and the claim is not extinguished or barred that the court within *two years* after the death *may order* substitution of the proper parties. C.R.S. 1953, 87-1-23 provides in part that if any action is avoided or defeated by the death of any party thereto the plaintiff may commence a new action for the same cause "at any time within *one year after the abatement or other determination of the original suit * * *.*" The statute authorizing the adoption of the Rules of Civil Procedure expressly provided in part that "such rules shall neither abridge, enlarge, nor modify the substantive rights of litigants." S.L. 1939, Ch. 80, page 264, Sec. 1. Reading those four provisions together I conclude that even though the district court in the original action entered a judgment not on the merits which was *with prejudice,* that such was or should have been a conditional limitation and that claimant's substantive right to file a new suit within one year thereafter was not, in fact could not be, thereby destroyed. This being so claimant having duly and properly filed her claim in the county court, as by statute provided, had the right to elect to proceed to a

hearing thereon regardless of the district court judgment, which was not heard upon its merits and which could not properly be dismissed with prejudice, but having so elected she could not later file a new suit in the district court, nor did she so do. See McKenzie v. Crook, Executor, 110 Colo. 29, 129 P. (2d) 906. Obviously before Barmettler died claimant Koons had no election to make. Once her right arose she elected the county court and no later action of the district court nor rule of this Court can abrogate her right when she proceeded in the county court in due time. The first district court judgment here was a nullity and void under the facts here presented. See the fact situation in Symes v. Charpiot, 17 Colo. App. 463, 69 Pac. 311, where it was so held when an administratrix did not appear by substitution, yet a judgment was entered against her.

We need not here consider whether there is a hiatus in our law and procedure governing a case where the district court under similar facts might fail to act on a suit before it or where a claimant has not elected to proceed in the county court. Here the district court did act to dismiss *after* plaintiff states she elected to have *only* the county court hear her claim.

There are other questions raised in the briefs and record which might also determine this matter favorably to the plaintiff such as failure of the administratrix to enter a formal appearance in the first district court suit and whether thereby there is a failure of mutuality of the judgment and a denial of the status of res adjudicata thereby; also whether a judgment is res adjudicata if there was not a trial on the merits. I need not discuss these however in view of the other comments made.

I would reverse the judgment and remand the case to the county court for a hearing on the claim and to permit the presentation of any affirmative or other defenses thereto.

MR. JUSTICE MOORE states that he joins in this dissent.