No. 19,209.

Catherine C. Dash, Administratrix, etc., v. Peter Rubey.
(357 P. [2d] 81)

Decided November 21, 1960.   Rehearing denied December 12, 1960.

Messrs. Thulemeyer & Stewart, for plaintiff in error.

Mr. Cover Mendenhall, for defendant in error.

*In Department.*

Opinion by Mr. Justice Knauss.

The parties are here in the same order they appeared in the trial court, and we will so refer to them.

Plaintiff as administratrix of the estate of one Dash instituted the action, pursuant to direction and order of the County Court of Otero County, where the estate was being probated, against defendant, to recover $5,726.32. Defendant admitted this amount was due, but claimed an offset of $5,235.86. The trial court allowed the offset and rendered judgment against defendant for $490.46. Plaintiff is here asserting error in allowing the offset.

There is no dispute as to the facts. Dash and defendant were engaged in various joint ventures for growing crops in Texas and Colorado. In 1957 they engaged in a farming operation in Kansas. Each put up capital and were to share in the profits of that venture with one Johannes, who was to operate the farm. The latter put up no part of the capital, received no salary and did not share any of the losses. Dash and defendant were to share any losses. The Colorado operation was a joint venture between Dash and defendant and the funds of the partnership were handled by Dash through a bank account kept by him in Texas.

Dash died in June 1957. Plaintiff and defendant subsequently employed an accountant to audit the Kansas and Colorado farm operations. This audit disclosed that as a result of losses in the Kansas operation defendant was indebted to Dash in the sum of $5,726.32, and that Dash had overdrawn a net amount of $5,235.86 from the Colorado venture.

After the present action was commenced defendant filed his claim in the County Court against the Dash estate. The claim was dismissed as having been filed more than six months after the appointment of the administratrix, and because the instant action was pending. It appears that the Dash estate is insolvent.

Plaintiff asserts that the trial court lacked jurisdiction to adjudicate the set-off or counterclaim filed by defendant. *Meyers v. Williams,* 137 Colo. 325, 324 P. (2d) 788 and *Koon v. Barmettler,* 134 Colo. 221, 301 P. (2d) 713 are relied upon to support this contention. Both cases are clearly distinguishable in that they involved suits brought in the district court by claimants against the estates of deceased persons after claims had been filed in the estate upon the same demands and which were still pending in the county court. Here plaintiff as administratrix, with permission and by direction of the county court, instituted the action against defendant who then asserted his set-off or counterclaim.

The *Meyers* and *Koon* cases, supra, do not preclude a defense asserting that the liability of defendant is less than that alleged by the plaintiff. As stated in 34 C.J.S. 703 (Executors and Administrators §717), "A person sued by an executor or administrator may assert a set-off or counterclaim, even though the personal representative was exempt from being sued at the time he brought the action." Such set-off takes place by operation of law on principles of equity. See 34 C.J.S. 709-712, Executors & Administrators, §721 and 722 (b).

In the instant case the trial court concluded from ample competent evidence that there was a general part-

nership between Dash and defendant to carry on the farming operations out of which the plaintiff's claim arose. Mutuality of parties, time and subject matter is apparent from this record and was so found by the trial court. Such findings will not be disturbed when supported by competent evidence. The several transactions here involved were parts of a single accounting. They were not individual and distinct.

■ It is contended that dismissal of defendant's claim by the county court is res adjudicata of the issues in this case. The complaint here was filed February 5, 1959, and on March 20, 1959, the county court dismissed defendant's claim as having been filed too late, and on further ground that the instant action was then pending. A judgment of dismissal, to constitute a valid plea of res adjudicata, must have been on the merits. 50 C.J.S. 51 (Judgments §626). Dismissal for want of jurisdiction is not an adjudication on the merits of a controversy. Colo. R.C.P. 41, (b) (1); 50 C.J.S. 72 (Judgments, §638). In each of the cases cited by plaintiff, the adjudication was on the merits, hence not in point here. Where, as here, jurisdiction did not attach, the disposition cannot be regarded as one on the merits.

So far as the record discloses no answer was filed by plaintiff to the asserted set-off or counterclaim interposed, nor was a plea of res adjudicata advanced.

In *Boulderado Motors, Inc. v. Peterson,* 100 Colo. 243, 66 P. (2d) 1271, it was held that the defense of res adjudicata must be pleaded affirmatively and if not so interposed, is waived.

■ In a suit by the representative of the estate of a deceased person against one allegedly indebted to the deceased, or his estate, the issue is to what extent is defendant obligated? If, as in the instant case, it is demonstrated that he does not owe the entire amount claimed, but only a fraction thereof, no judgment for a greater amount may be legally entered. This is consonant with the result that would necessarily follow had

decedent lived and brought the action in his own name. When based on a claim between deceased and a partner, as in this case, the representative of the estate can only recover that which the deceased could have recovered had he lived. This is in accordance with the adjudicated cases and consistent with equity and common sense.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.