## No. 26615

The Board of County Commissioners of the County of Arapahoe, State of Colorado, and Paul W. Wolf, as County Treasurer, Arapahoe County, State of Colorado v. The City and County of Denver, Colorado, a municipal corporation, and Charles L. Temple, as Manager of Revenue and Ex-officio Treasurer of the City and County of Denver, Colorado and School District No. 1 in the City and County, of Denver and State of Colorado, et al

(547 P.2d 249)

Decided March 15, 1976.

348

No appearance for plaintiffs-appellees.

Max P. Zall, City Attorney, Herman J. Atencio, Assistant, David J. Hahn, Special Counsel, for defendants-appellants.

Robert J. Flynn, Harry J. Atwell, for defendants-appellees.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This action was commenced by the Board of County Commissioners of Arapahoe County on July 29, 1971. The complaint requested a declaratory judgment regarding the effective date of an alleged annexation of certain property to Denver. The trial judge held that Denver's annexation was effective on March 13, 1974, except for tax purposes, in which case the annexation became effective on January 1, 1975. From this ruling the City of Denver appeals. We affirm the judgment of the trial court.

I.

Two separate cases from the District Court for Arapahoe County are actually involved in this appeal. Case No. 25814 was commenced by Denver by Petition on May 26, 1967 seeking approval of a proposed annexation of land in Arapahoe County known as Centennial Estates West. The proposed annexation would have resulted in the detachment of territory from Arapahoe County and from the Sheridan School District. Thus, under 1965 Perm. Supp., C.R.S. 1963, 139-21-19 Denver was required to seek court approval. Section 139-21-19 provides in part:

"(1) Any annexation which would have the effect of detaching part of the territory of an existing school district shall not become effective prior to

court approval as specified in this section, except this subsection (1) shall not apply to enclave territory as defined in section 139-21-5(1) which has five hundred or less inhabitants; nor to any annexation the petition for which is signed by one hundred percent of the landowners in the territory to be annexed. * * *"

None of the exceptions to section 139-21-19 were applicable, hence court approval was sought.

On October 24, 1969, however, Judge Gobin, sitting as a specially appointed Judge, dismissed Denver's petition holding that Denver had failed to properly serve notice as required under section 139-21-19(2). Subsequent to the dismissal, on December 22, 1969, Denver nevertheless passed an annexation ordinance purporting to annex the land for which court approval had been sought earlier.

In 1971, the Treasurer of Denver mailed tax notices for the tax year 1970 to property owners. On July 19, 1971, the Board of County Commissioners of Arapahoe County filed its complaint in Case No. 29185 seeking a declaration that no court approval for the annexation had been obtained and the annexation ordinance was therefore ineffective. At that time a stipulation was entered into between Denver and Arapahoe County which was reduced to an order by the court prohibiting the treasurer of one county from selling any property in the subject area for which current taxes had been paid to the other county or into the district court.

On October 23, 1973, the trial court stayed the action brought by the Board of County Commissioners (No. 29185) and permitted Denver to refile its petition seeking court approval of the annexation (Case No. 25814). On March 13, 1974, the trial court gave its approval to the annexation petition, thereby completing the statutory procedure for the annexation. The remaining question to be resolved was the effective date of the annexation.

On June 26, 1974, in the Board of County Commissioners case (Case No. 29185), the trial court declared the effective date of the annexation was the date on which the proposed annexation received court approval, namely, March 13, 1974, except for tax purposes, in which case the annexation became effective on January 1, 1975. It is this ruling from which Denver appeals. Denver argues that the trial court did not have authority to hear the Board of County Commissioners' complaint and that the effective date of the annexation is the date the ordinance was passed, namely, December 22, 1969.

The Arapahoe Board of County Commissioners did not appear before this Court; however, School District No. 2 in the County of Arapahoe (Sheridan School District), a named defendant below, did appear in support of the trial court decision. In order to adjudicate the annexation question involved in the declaratory judgment action, the Sheridan School District was named as a defendant.

## II.

Initially, the School District argues in its brief that no valid annexing ordinance exists. It contends that the trial court could not permit the refiling of the Denver annexation petition, since the matter was previously adjudicated on the merits when a dismissal was entered by Judge Gobin in 1969. The School District maintains that C.R.C.P. 41(b)(1) dictates this result.

■ The argument based on Rule 41(b)(1) is, in essence, a claim of *res judicata. See, Carlile v. Zink,* 130 Colo. 451, 276 P.2d 554 (1954); *O'Done v. Shulman,* 124 Colo. 445, 238 P.2d 1117 (1951). The plea of *res judicata* must, however, be pleaded affirmatively, and if not so interposed is waived. *Dash v. Rubey,* 144 Colo. 481, 357 P.2d 81 (1960); *Boulderado Motors, Inc. v. Peterson,* 100 Colo. 243, 66 P.2d 1271 (1937).

■ While the Sheridan School District did raise the claim of *res judicata* at the trial level, the trial court ruled that Judge Gobin's dismissal was without prejudice. From this ruling the Sheridan School District has not filed a cross-appeal. It is the general rule that an appellee may not attack a decree with a view either to enlarging his rights thereunder or of lessening the rights of his adversary unless a cross-appeal has been filed. *Markle v. Dearmin,* 117 Colo. 45, 184 P.2d 495 (1947); *City Real Estate, Inc. v. Sullivan,* 116 Colo. 169, 180 P.2d 504 (1947); *United States v. American Ry. Express Co.,* 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087 (1924). If the appellee wishes to secure alteration or modification of a judgment he must take a cross-appeal. *See* 9 *J. Moore, Federal Practice,* ¶ 204 11[3] (2d ed. 1975); and see the legion of cases cited for this proposition in 5 *C.J.S. Appeal & Error* § 1300 n. 68. Thus, the *res judicata* issue raised by the Sheridan School District is not properly before this Court.

## III.

■ Denver contends that the required court approval under 1965 Perm. Supp., C.R.S. 1963, 139-21-19 is merely "procedural" and therefore the annexation ordinance is not void. Denver then argues that the sole method of challenging the annexation ordinance is according to section 139-21-15 which limits review to a writ of certiorari sought within 45 days of the effective date of the ordinance. Denver maintains that the effective date of the ordinance was December 22, 1969, when it was passed by the Denver City Council. Denver supports this position by noting that section 139-21-12(1) states:

"Territory annexed to a municipality as in this article provided shall be annexed upon the effective date of the annexing ordinance, except for tax purposes, as provided in this section."

In further support of its position Denver cites section 139-21-15(4) which provides:

"Any annexation accomplished in accordance with the provisions of this article shall not be directly or collaterally questioned in any suit, action, or proceeding except as expressly authorized in this section."

We begin by noting that there is no dispute that under Article XX, Section 1 of the Colorado Constitution the power of the City and County of Denver to annex is subject to the Municipal Annexation Act of 1965.

Denver argues that section 139-21-12 and 139-21-15 of this Act mandate the result that any annexation is always effective on the date given in the ordinance. However, Section 139-21-19 of the Act states in specific words that an annexation ordinance "shall not become effective prior to court approval as specified in this section . . . ." The legislative intent is clear, and 113-21-12 and 139-21-15 must be read in conjunction with section 139-21-19. To hold as Denver requests, would result in judicial repeal of 121-21-19.

As we have noted above, Section 139-21-15 requires that review proceedings must be brought within 45 days of the *effective* date of the ordinance. Since, as we have pointed out, the annexing ordinance here in question was never effective prior to court approval, Section 139-21-15 does not foreclose the review sought by the county commissioners in the trial court. We see no conflict in what we have said here, and the holding in *Board of Co. Commr's v. City and County of Denver*, (No. 26634, announced March 1, 1976).

Denver relies primarily upon three cases which it contends foreclose the type of proceeding brought in this case: *Denver v. District Court*, 181 Colo. 386, 509 P.2d 1246 (1973); *Westminster v. Northglenn*, 178 Colo. 334, 498 P.2d 343 (1972); *Ft. Collins Water District v. Ft. Collins*, 174 Colo. 79, 482 P.2d 986 (1971). However, in each of those cases the annexation ordinance was "effective" by the terms of the Municipal Annexation Act. Moreover, none of them involved a failure to follow the procedures prescribed in section 139-21-19.

It is particularly necessary that an attack on annexation proceedings be permitted in the form sought in the trial court. If we were to rule otherwise, review of the proceedings might be foreclosed entirely. We note that, by statute, review of an annexation ordinance may not be instigated before the annexation is effective. 1965 Perm. Supp., C.R.S. 1963, 139-21-15, *and see, Denver v. Arapahoe*, 141 Colo. 102, 347 P.2d 132 (1959). At the same time, Denver's annexation ordinance here at issue was not effective until court approval was obtained. Thus, a statutory review proceeding could not be brought; yet Denver proceeded to act, without the required court approval, as though the annexation was valid. Tax assessments were issued by Denver to the residents of the purportedly annexed territory, yet there was no effective ordinance to be challenged.

Furthermore, in the instant case we do not have even a *bona fide* attempt to annex under the statutory procedures. To the contrary, the City

of Denver knowingly ignored the statutory requirements. The record establishes that Denver enacted the annexation ordinance after Judge Gobin's dismissal and contrary to the advice of the City's own attorneys. Thus, it is clear that there was no attempt to comply with the statutory requirements. For the reasons set forth above the annexation ordinance was properly reviewable in this action.

The other contentions raised by the City of Denver are without merit. The judgment is affirmed.