676 F.2d 306
 Roman S. TYMIAK, Appellant,
v.
Donald J. OMODT, individually and as Hennepin County
Sheriff; Charles P. Wikman, individually and as Personal
Representative of the Estate of Lillian Wikman-Morse; Ann
Swenson, Guy Wikman, Sharlie Wikman, Jeanne E. Wikman, Terry
W. Anderson, Charles P. Wikman, Jr., Michael E. Wikman and
Richard A. Wikman, Appellees.
 No. 82-1146.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 21, 1982.
Decided April 27, 1982.
 
 Roman S. Tymiak, pro se.
 James T. Swenson, Mackall, Crounse & Moore, Minneapolis, Minn., for appellees Charles P. Wikman, Ann Swenson, Guy Wikman, Sharlie Wikman, Jeanne E. Wikman, Terry W. Anderson, Charles P. Wikman, Jr., Michael R. Wikman, and Richard A. Wikman.
 Paul F. Gilles, Sr., Asst. County Atty., Minneapolis, Minn., for appellee Donald J. Omodt.
 Before HEANEY, ROSS and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roman S. Tymiak appeals from the district court's[1] December 29, 1981, order which dismissed his 42 U.S.C. § 1983 lawsuit.[2] We affirm.
 
 
 2
 Tymiak's section 1983 claims are based on a dispute for ownership of a certain real property located in Hennepin County, Minnesota. The property consists of the premises located at 3524 Fremont Avenue South, Minneapolis, Minnesota.[3] Tymiak claims that Lillian Wikman-Morse, the fee owner of those premises, promised him legal title to the property "in consideration of (Tymiak's) personal, domestic and protective services rendered to (Wikman-Morse) and such property until (Wikman-Morse's) death."[4] Tymiak attempts to buttress his claim to the property by alleging that he and Wikman-Morse, between October 1, 1975, and November 19, 1980, "lived under the same roof * * *, sharing bed and board, in a relationship which was functionally equivalent to a marriage * * *."
 
 
 3
 However, Wikman-Morse left the real property to Charles P. Wikman, Ann Swenson, Guy Wikman, Sharlie Wikman, Jeanne E. Wikman, Terry W. Anderson, Charles P. Wikman, Jr., Michael R. Wikman and Richard A. Wikman as legatees and devisees under her will.[5] These nine individuals, hereafter collectively referred to as the "legatees/devisees," commenced an action for ejectment in the Hennepin County, Minnesota, district court on January 7, 1981, in which they sought to gain possession of the property claimed by Tymiak.[6] On October 23, 1981, Hennepin County District Judge Crane Winton ruled that "the undisputed facts clearly show that the plaintiffs' (the nine legatees/devisees and also Charles Wikman separately as the estate's personal representative) claim to title and right to possession of the property are superior to those asserted by Mr. Tymiak and compel the conclusion that as against defendant (Tymiak), they are entitled to possession of the home." Therefore, Judge Winton: (1) granted summary judgment in the plaintiffs' favor; (2) issued a "writ of restitution" for the premises at 3524 Fremont Avenue South in Minneapolis; and (3) ordered Tymiak to vacate the premises.[7] Tymiak apparently did not seek review of Judge Winton's October 23, 1981, order in the Minnesota Supreme Court.
 
 
 4
 On November 6, 1981, Tymiak filed the instant section 1983 action in federal court.[8] The complaint named as defendants Hennepin County Sheriff Donald J. Omodt, Charles P. Wikman as personal representative of the Wikman-Morse estate and the nine legatees/devisees. Tymiak asserted various constitutional claims which allegedly entitled him to an order enjoining his eviction from the premises at 3524 Fremont Avenue South and an award of monetary damages. In addition, Tymiak filed a separate motion, also on November 6, 1981, for a preliminary injunction which would enjoin his eviction from the home at 3524 Fremont Avenue South. After argument before the district court, the motion was denied.[9]
 
 
 5
 Defendant Sheriff Omodt filed a motion to dismiss for failure to state a claim upon which relief could be granted or, in the alternative, a motion for summary judgment on November 25, 1981. The defendants other than Omodt also filed a motion to dismiss for failure to state a claim upon which relief could be granted on November 25, 1981. On December 21, 1981, these motions, after argument before the district court, was orally granted by Judge Devitt. On December 29, 1981, Judge Devitt entered a written order which held that: (1) because Sheriff Omodt's actions in evicting Tymiak were under the direction of the Hennepin County district court, he was immune from suit under section 1983; and (2) because Tymiak's complaint failed to allege that the remaining defendants acted under color of state law, Tymiak failed to state a claim against those defendants upon which relief could be granted.[10] Judgment dismissing the suit was entered accordingly, and Tymiak filed a timely notice of appeal.
 
 
 6
 Initially, we note that Tymiak's request for an injunction to enjoin his ejectment from the Wikman-Morse home is moot because the record reveals that he was evicted from those premises by Hennepin County law enforcement officials.
 
 
 7
 The district court correctly held that Sheriff Omodt was immune from Tymiak's section 1983 claims for damages. This Court previously has held that a sheriff who, pursuant to a state court order, evicted several persons from the homes they occupied was immune from a section 1983 lawsuit which sought damages and injunctive relief based on that eviction. See Hevelone v. Thomas, 423 F.Supp. 7, 9 (D.Neb.), aff'd, 546 F.2d 797 (8th Cir. 1976). See also Farmer v. Lawson, 510 F.Supp. 91, 95 (N.D.Ga.1981) (a public official acting pursuant to a court directive is generally immune from suit, such as a sheriff seizing property).
 
 
 8
 The district court's dismissal of Tymiak's allegations against the remaining defendants was also correct. The Fourteenth Amendment protects only against deprivations of a constitutionally protected interest without due process of law. E.g., Parratt v. Taylor, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981). Even if we assume Tymiak had a constitutionally protected interest in the property which was taken by the remaining defendants under color of state law, the Hennepin County state district court proceedings with respect to the Wikman-Morse property clearly afforded Tymiak due process of law.
 
 
 9
 Therefore, the district court properly dismissed Tymiak's section 1983 lawsuit.
 
 
 10
 Affirmed.
 
 
 
 [1]
 The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota
 
 
 [2]
 The district court's December 29, 1981, order granted defendant Donald J. Omodt's motion to dismiss Tymiak's complaint "whether treated as a (Federal) Rule (of Civil Procedure) 12 motion or a (Federal) Rule (of Civil Procedure) 56 motion * * *." It also dismissed Tymiak's claims against the other named defendants for failure to state a claim upon which relief may be granted
 
 
 [3]
 Those premises apparently consist of a home, the personalty in the home and the surrounding property
 
 
 [4]
 Lillian Wikman-Morse died on November 19, 1980
 
 
 [5]
 Charles P. Wikman is the duly nominated and appointed personal representative of Wikman-Morse's estate
 
 
 [6]
 The ejectment action was necessary because Tymiak continued to live in the home after Wikman-Morse's death and subsequently refused to surrender the premises to Charles Wikman, the personal representative of the Wikman-Morse estate
 
 
 [7]
 Judge Winton's order also reveals that Tymiak initiated three separate legal actions in the Minnesota state courts concerning this property. First, he commenced an action against Charles Wikman as personal representative of the Wikman-Morse estate "for specific performance, accounting and other equitable relief." That action was dismissed on June 30, 1981, for Tymiak's failure to comply with a state district judge's order which directed Tymiak to answer certain interrogatories propounded by Wikman and to pay $500 to Wikman's attorney for fees Wikman incurred in pursuing the successful motion to compel answers to interrogatories. In addition, Tymiak was fined $50 for contempt because he also failed to comply with another state district court judge's order directing him to pay $500 per month into a trust account as rent for the house until that litigation was ended
 Second, a state district judge dismissed a declaratory judgment action Tymiak brought against the heirs under Wikman-Morse's will.
 Finally, Tymiak also appealed an order of the state Probate Court which allowed the issuance of letters testamentary to Charles Wikman.
 The record does not reveal whether Tymiak appealed from the orders issued in the first two state court actions described above and, if so, whether such appeals are pending. Similarly, the record does not reveal whether Tymiak's appeal from the Probate Court order is currently pending.
 
 
 [8]
 A United States Magistrate permitted Tymiak, who is an attorney, to file the action in forma pauperis
 
 
 [9]
 Tymiak was subsequently evicted from the home at 3524 Fremont Avenue South by Hennepin County law enforcement officials pursuant to the October 23, 1981, order of the Hennepin County District Court
 
 
 [10]
 Although Tymiak subsequently submitted a memorandum dated December 4, 1981, in which he alleged that the defendants other than Sheriff Omodt acted under color of state law, his complaint made no such allegation. Our disposition of this case with respect to these defendants makes it unnecessary to consider whether they acted under color of state law for section 1983 purposes