**T. Clyde STOVALL, Plaintiff,**

v.

**John HAYNES and Jim Wellman, Defendants.**

**No. CIV–82–1142–D.**

United States District Court, W.D. Oklahoma.

April 26, 1983.

T. Clyde Stovall, pro se.

William S. Price, U.S. Atty., James D. Bednar, Asst. U.S. Atty., Oklahoma City, Okl., for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, District Judge.

Plaintiff T. Clyde Stovall sues the Defendants John Haynes and Jim Wellman for $100,000 as alleged property damages claiming that they broke the glass and paneling in the back door of his residence in Oklahoma City on June 24, 1982.

Said Defendants have filed a Motion to Dismiss Or In The Alternative Motion for Summary Judgment supported by a Brief and certain other documents. The Court has determined that said alternative Motion shall be treated only as one for summary judgment. *See* Order dated January 27, 1983, filed herein. The parties have presented affidavits and other documents for the consideration of the Court regarding said Motion. On timely notice, a hearing has been conducted by the Court on said Motion. At said hearing the Court allowed the Plaintiff until April 18, 1983, to file any affidavits he desired to counter the contents of affidavits previously filed herein and presented by Defendants in support of their said Motion. On April 14, 1983, Plaintiff filed two documents herein, one entitled "Motion" and the other "Statement of Facts", both of which are verified. As Plaintiff has been given ample opportunity to resist or counter Defendants' Motion for Summary Judgment supported by affidavits and other documents, the same is now ready for decision by the Court.

The Court finds that it is undisputed by the record before the Court that on June 24, 1982, said Defendants were at Plaintiff's residence in Oklahoma City only in their official capacities as United States Deputy Marshals for this judicial district to execute a Writ of Assistance ordered by Bankruptcy Judge David Kline of the Western District of Oklahoma. In support of their Motion for Summary Judgment each Defendant has filed his affidavit herein stating that he did not damage Plaintiff's back door as alleged herein by Plaintiff. Though afforded full opportunity Plaintiff has not refuted these affidavits. In the face of Defendants' said affidavits, Plaintiff may not rely upon the mere allegations of his pleadings that said Defendants damaged his back door. Rule 56(e),

Federal Rules of Civil Procedure. There is thus no genuine issue of fact on this point.[1]

■ Judges, including bankruptcy judges, generally have judicial immunity from actions for damages arising from the performance of their judicial duties. *Bradley v. Fisher*, 80 U.S. (13 Wall) 335, 351–352, 20 L.Ed. 646 (1871); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Bauers v. Heisel*, 361 F.2d 581 (3rd Cir.1966).

■ Also, law enforcement officials serving or executing writs valid on their face at the direction of judges are cloaked with the absolute immunity of the judges because they are performing ministerial acts at the direction of the Court. *Norton v. Liddel*, 620 F.2d 1375 at 1382 n. 8 (10th Cir.1980); *Tymiak v. Omodt*, 676 F.2d 306 (8th Cir.1982). A law enforcement official may not in executing a judicial writ at the direction of a judge abuse the procedure or go beyond what is reasonably required to execute the same under the circumstances involved. *Hazo v. Geltz*, 537 F.2d 747 (3rd Cir.1976). However, in the instant case the only allegation made by Plaintiff that the Defendants may have abused the procedure or gone beyond proper procedure in executing said Writ is the alleged damage to his back door said to have been done by Defendants in the course of their executing said Writ of Assistance. But, as determined above, there is no genuine issue of fact herein in this regard. It stands undisputed as above found that said Defendants did not damage Plaintiff's back door.

In these circumstances as it appears that Defendants were executing a judicial writ valid on its face at the direction of a Judge when they were on Plaintiff's premises on June 24, 1982, and as they did not damage Plaintiff's back door on said occasion, and as there is no genuine issue as to a material fact in this case, and Defendants are entitled to a judgment as a matter of law, Defendants' Motion for Summary Judgment should be granted and Plaintiff's ac-

tion against said Defendants should be dismissed with prejudice. Rule 56, Federal Rules of Civil Procedure.

---

**1.** At the hearing on Defendants' Motion for Summary Judgment conducted on April 11, 1983, Plaintiff, appearing pro se, stated that he did not see the Defendants damage his back door and knew of no one who did. Notwithstanding this, the Court afforded Plaintiff further time to counter said Defendants' affidavits that they did not damage Plaintiff's back door if he could.