Gregory S. MALONEY

v.

George CAFFREY, et al.

Civ. No. N–83–523.

United States District Court,
D. Connecticut.

Sept. 11, 1984.

Gerard I. Adelman, Brian T. Mahon, Weigand & Mahon, Meriden, Conn., for plaintiff.

Thomas Germain, Karen Karpie, Arnold J. Bai, Bridgeport, Conn., Marjorie Howes, Corporation Counsel, City of Meriden, Meriden, Conn., for defendants.

RULING ON MOTION TO DISMISS

ELLEN B. BURNS, District Judge.

■ This is an action in two counts, brought by plaintiff pursuant to 42 U.S.C. § 1983. The first count alleges that plaintiff was falsely arrested for violation of a restraining order by two of the four defendants, specifically Assistant Chief of Police Nelson Cossette and Officer William Zajac.[1] That count is not the subject of this motion. The second count, as amended,[2] alleges an unconstitutional violation of

---

1. Police Chief George Caffrey is also named in Count I but there are no specific allegations against him and no attempt to claim a *Monell* cause of action. As *respondeat superior* is unavailable as a theory by which to hold the chief responsible for misconduct of his subordinates, there is no viable claim against Caffrey in Count I and Count I is dismissed, *sua sponte*, as to

him. *See Smith v. Ambrogio,* 456 F.Supp. 1130, 1135 (D.Conn.1978).

2. The original motion to dismiss was filed November 9, 1983, and was argued January 25, 1984. Plaintiff amended his complaint February 2, 1984, to clarify which defendants were responsible for circulating his police report.

plaintiff's right to privacy by virtue of the circulation of the police incident report to persons not members of the criminal justice system by defendants Chief George Caffrey and Officer Michael Fortunato.[3] Plaintiff Gregory Maloney was a member of the Common Council of the City of Meriden at the time of his arrest and alleges that his reputation was damaged by this incident, thus resulting in the cancellation of his plans to seek a seat in the state legislature in November, 1982.

For the reasons stated below, defendants' motion to dismiss Count II is granted for failure to state a claim under 42 U.S.C. § 1983. Accordingly, defendants Caffrey[4] and Fortunato, in their individual and official capacities, are no longer parties to this action.

■ The nucleus of plaintiff's claim is that defendants violated Conn.Gen.Stat. §§ 54–142g et seq., which provide for the security and privacy of criminal records. If such were true, plaintiff would have a state-created right to the privacy of the police report, at least to the extent granted by the Connecticut statute. This is the only way for defendants' circulation of the report to rise to the level of an unconstitutional deprivation of any privacy right. It is clear from the decision in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), that defamation alone by a state official does not create a cause of action under § 1983.[5] Any "stigma" from having one's status as an accused publicized must be accompanied by the loss of a property

right, such as the loss of the right to buy liquor as in *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). The Supreme Court found that Davis was not deprived of any property right when local businessmen were informed by flyer that he was an accused shoplifter. Gregory Maloney also suffered no loss of a property right merely because his reputation was damaged to the point where he could not run for elected office. All he had was an expectancy interest in that office.

■ The substantive due process cases also do not create a constitutional privacy right with respect to allegations of one's criminal activity in the same way that a zone of privacy is created around one's familial interests. *Paul v. Davis*, 424 U.S. at 713, 96 S.Ct. at 1166. The court, therefore, dismisses Count II because defendants did not violate Conn.Gen.Stat. § 54–142g et seq., as discussed below. Plaintiff had no constitutionally-protected privacy interest, and thus has no § 1983 claim.

The court's analysis as to whether the Connecticut statute prohibits disclosure of police reports to noncriminal justice personnel begins with a categorization of the report at issue. Section 54–142g is the applicable definitional section.

The parties agree that the police report was not "non-conviction information" as defined in Conn.Gen.Stat. § 54–142g(e).[6] As of the date of the circulation of the report, approximately June 18, 1982, the case

Defendants renewed their motion to dismiss March 5, 1984, adding an argument for the invalidity of Count II as it now reads in the amended complaint. This ruling addresses the arguments in both the original and the renewed motions to dismiss.

3. Caffrey, Fortunato and Cossette are also alleged to have denied plaintiff himself access to the report (¶ 8). Plaintiff's complaint, however, does not make this denial a cause of action, nor could it. An accused has no absolute right to the investigative report, (unless exculpatory), even during the discovery process. *See* Connecticut Practice Book ¶ 746.

4. Because the court has, *sua sponte*, dismissed Count I as to defendant Caffrey, *see* Note 1

*supra,* and Count II is dismissed, defendant Caffrey is no longer a defendant.

5. Such a cause of action may very well be available in state court. *Paul v. Davis,* 424 U.S. at 698, 96 S.Ct. at 1159.

6. Subsection (e) reads: " 'Nonconviction information' means (1) criminal history record information that has been 'erased' pursuant to section 54–142a; (2) information relating to persons granted youthful offender status; (3) continuances which are more than thirteen months old. Nonconviction information does not mean conviction information or current offender information."

against plaintiff had not been dismissed and thus the court records were not yet subject to erasure under § 54–142a.[7] The court also agrees with plaintiff that the incident report was not "current offender information" as defined by § 54–142g(d). By the plain meaning of that definition, such information only includes the "status" and "location of all persons" who had been arrested, not the investigative details of the arrest. Moreover, plaintiff is also correct that incident reports are exempted from "criminal history record information," § 54–142g(a). In relevant part, that category includes:

> court records and information compiled by criminal justice agencies for purposes of identifying criminal offenders and of maintaining as to each such offender notations of arrests, releases, detentions, indictments, informations, or other formal criminal charges or any events and outcomes arising from those arrests, releases, detentions, including pleas, trials, sentences, appeals, incarcerations, correctional supervision, paroles and releases; *but does not include intelligence, presentence investigation, investigative information* or any information which may be disclosed pursuant to subsection (d) of section 54–63d [Bail commission information].

(emphasis added).

The court disagrees with plaintiff, however, as to the conclusion to be drawn from this exemption of police incident reports. Plaintiff argues that the exclusion of police records in this solely definitional section must mean they cannot be made public. The court instead looks to the statutes to which the definition pertains for its analysis.

Section 54–142k(b) clearly mandates that "criminal history record information other than nonconviction information, shall be available to the public...." Thus, because it is not criminal history information, plaintiff's police report is not statutorily *re-*

*quired* to be public information. Neither is it, however, required to be kept private. As it is not nonconviction information, it is not explicitly exempted by § 54–142k(b), and it was not yet subject to erasure pursuant to § 54–142a. The court believes that investigative materials, including police incident reports, were exempted from designation as mandatory public information to protect the *police* and their ongoing investigations. As noted earlier, a criminal defendant never gains an absolute right to this report, Connecticut Practice Book § 746(1). Although the police and prosecutors are not *required* to disclose these reports, in this case they were not prohibited from making it public by § 54–142a or any other authority.

The court concludes that plaintiff never had a statutory right to the privacy of the police incident report as its disclosure by the police on or about June 18, 1982, was not prohibited by Conn.Gen.Stat. § 54–142g *et seq.* Count II of the complaint is therefore dismissed. The court also, *sua sponte*, dismisses Count I as to defendant Caffrey.

SO ORDERED.

---

**7.** It is also not "nonconviction information" because it is not criminal history record information, as explained *infra.*