Maria JACOBS, Bridgette Jacobs, Andrea Jacobs, and Dennis Jacobs, Plaintiffs,

v.

Marc DUJMOVIC; Valerie Dujmovic; The Board of County Commissioners of the County of Summit, Colorado; Bruce Baumgartner, County Administrator; The Summit County Sheriff's Department; Sheriff Delbert Ewoldt; Deputy Sheriff Randy Strawn; The Breckenridge Police Department; Chief of Police Al Kiburas; Officer Steve Anderson; Secretary Barbara Hanfland; the Honorable Judge Terry Ruckriegle, Summit District Judge; and, all other unknown individuals, jointly and severally, Defendants.

Civ. A. No. 88–B–1985.

United States District Court, D. Colorado.

Dec. 11, 1990.

Cathy S. Harris, Hall & Evans, Denver, Colo., Jeffrey Huntley, Co. Atty., Breckenridge, Colo., for Board of County Commissioners, Baumgartner, Sheriff's Dept., Ewoldt & Strawn.

Maria J. Jacobs, Brigette A. Jacobs, Andrea L. Jacobs, Salt Lake City, Utah, Dennis J. Jacobs, West Valley City, Utah, plaintiffs pro se.

William Beardsley, Fort Collins, Colo., for Marc Dujmovic.

Fred C. Kuhlwilm, Theodore S. Halaby, Halaby & McCrea, Denver, Colo., for

Breckenridge Police, Kiburas, Anderson and Hanfland.

Deena Aronowica, Asst. Atty. Gen., Denver, Colo., for Terry Ruckriegle.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me are five motions: (1) motion to dismiss filed by the Honorable Judge Terry Ruckriegle (Judge Ruckriegle); (2) motion to dismiss filed by the Breckenridge Police Department, Chief of Police Al Kiburas, officer Steve Anderson and Secretary Barbara Hanfland (collectively, Breckenridge defendants); (3) verified motion for partial summary judgment filed by the plaintiffs, Maria Jacobs, Bridgette Jacobs, Andrea Jacobs and Dennis Jacobs (collectively, Jacobs); (4) cross-motion for summary judgment filed by the Board of County Commissioners of the County of Summit, Colorado, County Administrator Bruce Baumgartner, the Summit County Sheriff's Department, Sheriff Delbert Ewoldt and Deputy Sheriff Randy Strawn (the Summit defendants); and (5) motion for summary judgment filed by Marc Dujmovic (Dujmovic). The motions are fully briefed and oral argument will not materially assist me in their resolution.

This action arises out of the execution and enforcement of a landlord's lien under Colorado law. Colo.Rev.Stat. § 38–20–102. Jurisdiction rests on 42 U.S.C. § 1983. A summary of the tangled factual background, gleaned from the various pleadings, follows.

The Jacobs rented a house from Dujmovic. After residing in the house for several months, the Jacobs fell behind on their rent payments. On February 27, 1986, Dujmovic served the Jacobs with a demand-for-rent-or-possession notice at Bridgette Jacob's place of employment. Dujmovic also posted a demand on the exterior of the house and asserted a landlord lien on personal property located in the house. *See* Colo.Rev.Stat. § 38–20–102(3)(a). Dujmovic had earlier entered the house and seized personal property. He left a notice of the lien in the house listing property taken. The Jacobs claim that property not listed on the notice was seized as well. The Jacobs called the Summit County Sheriff's Department which responded. The Jacobs reported the items missing but not listed on the notice to the Sheriff's Department.

Dujmovic then initiated an action for unlawful detainer in Summit County District Court on March 6, 1986. Judge Ruckriegle found that the Jacobs owed Dujmovic $1,500 for rent due and that Dujmovic was entitled to immediate possession of the house. Judge Ruckriegle allowed the Jacobs to remain in the house until April 1, 1986 if they paid Dujmovic $1,200 by March 28, 1986. The Jacobs failed to pay or to vacate the house. On April 2, 1986, Judge Ruckriegle issued a writ of restitution. The writ was executed by officers of the Summit County Sheriff's office. Officer Steve Anderson, from the Breckenridge Police Department, was also present.

At some time, the Jacobs allege, Maria Jacobs was assaulted. She reported the alleged assault to the Breckenridge defendants who compiled a report. The Jacobs allege that the report was released to Dujmovic by the Breckenridge defendants.

The Jacobs counterclaimed in the Summit County District Court unlawful detainer action and moved for partial summary judgment. Judge Ruckriegle denied the motion. On Dujmovic's motion, Judge Ruckriegle ordered the Jacobs to post a cost bond. The Jacobs failed to post the bond, and Judge Ruckriegle dismissed the action with prejudice. The Jacobs never perfected an appeal of any of Judge Ruckriegle's rulings. Instead, the Jacobs bring a new action in this court. I read the complaint liberally where, as here, the plaintiffs are pro se.

I. MOTION TO DISMISS FILED BY JUDGE RUCKRIEGLE

█ The Jacobs seek relief and damages against Colorado State District Judge Ruckriegle arising out of the performance of his official judicial functions. In sum, the Jacobs complain that Judge Ruckriegle's "final judgment in favor of defen-

dants Dujmovic deprived plaintiffs of fundamental guaranteed rights to be heard and to defend prior to the denial of any property rights." Complaint ¶ 99. The Jacobs conclude that Judge Ruckriegle's "repeated refusals of plaintiffs fundamental rights are not an abuse of discretion, but deliberate actions depriving plaintiffs of equal protection of the laws, equal privileges under the laws and due process of the law." Complaint ¶ 100.

■ Judges are entitled to absolute immunity from damage claims unless they have acted in clear absence of jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967); *Van Sickle,* 791 F.2d at 1434–35. The Jacobs do not contest that Judge Ruckriegle had jurisdiction to hear the action. Because Judge Ruckriegle was acting in his official capacity when he performed the various acts which plaintiffs allege violated their constitutional rights, he enjoys absolute judicial immunity from this civil suit. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *see Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

■ Moreover, the United States District Court has no authority to review final judgments of a state court even where, as here, plaintiffs challenge the constitutionality of the state court's actions. 28 U.S.C. § 1257 (1982); *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir.1986); *see District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 1314, 75 L.Ed.2d 206 (1983). The Eleventh Amendment to the United States Constitution is a jurisdictional bar to actions brought in federal court against states, state agencies, and state officials sued in their official capacity. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Consequently, Judge Ruckriegle's motion to dismiss is well-taken.

II. MOTION TO DISMISS FILED BY THE BRECKENRIDGE DEFENDANTS

Two claims involve Chief of Police Al Kiburas (Kiburas), Secretary Barbara Hanfland (Hanfland), Officer Steve Anderson (Anderson), and the Breckenridge Police Department: one claim is captioned "Invasion of Privacy Count IV," and the other is captioned "Unlawful Retention and Disposal of Plaintiffs [sic] Personal Property." The Breckenridge defendants contend that each fails to state a claim. I agree.

A. *Invasion of Privacy*

■ The Jacobs allege that Maria Jacobs reported to the Breckenridge Police that she had been assaulted and that the police generated a report consisting "mainly of scandalous matter showing plaintiff in a false light and personal information of highly objectionable kind." Complaint ¶ 62. According to the complaint, the police released the report to the defendants Marc and Valerie Dujmovic, depriving "Maria Jacobs of her constitutional right to privacy...." Complaint ¶ 67. The Jacobs thus base this section 1983 claim upon defamation.

The Jacobs' pleadings show that Kiburas was allegedly the custodian of records for the police department and Hanfland was the secretary who released the report. The Jacobs claim that Kiburas, Hanfland and the Breckenridge Police Department violated Colorado law by releasing the report to the Dujmovics. Colo.Rev.Stat. § 24–72–204(2)(a)(I).

I need not decide that issue, however, because even assuming Maria Jacobs was defamed by the Breckenridge defendants, that alone does not give rise to a section 1983 claim for invasion of privacy. *Paul v. Davis,* 424 U.S. 693, 712–14, 96 S.Ct. 1155, 1165–67, 47 L.Ed.2d 405 (1976); *see Davis v. Bucher,* 853 F.2d 718 (9th Cir.1988); *Maloney v. Caffrey,* 596 F.Supp. 1164, 1165–66 (D.Conn.1984). To allege a deprivation of a section 1983 liberty interest, the Jacobs would have to allege more than reputational damage. Such damage would also have to be "entangled with some other 'tangible interest such as employment.'" *McGhee v. Draper,* 639 F.2d 639, 643 (10th Cir.1981) (*quoting Paul,* 424 U.S. at 701, 96

S.Ct. at 1160). Construed liberally, the Jacobs' complaint states no such claim.

■ Assuming even further that Maria Jacobs had alleged that the disclosure of the report damaged her ability to obtain future employment, she would also have to allege that the information in the report was "false and stigmatizing" and "had the general effect of *curtailing her future freedom of choice or action.*" *Wulf v. City of Wichita*, 883 F.2d 842, 869 (10th Cir.1989) (quoting *Asbill v. Housing Auth.*, 726 F.2d 1499, 1503 (10th Cir.1984)) (emphasis in original). Allegations of speculative future harm to prospective relationships are not enough. *Phelps v. Wichita Eagle–Beacon*, 886 F.2d 1262, 1268–69 (10th Cir. 1989). Again, the complaint is deficient.

Additionally, the Jacobs state no basis for a right to privacy arising under federal law. "Rights of substantive due process are not founded upon state provisions but upon deeply rooted notions of fundamental personal interests derived from the Constitution." *Mangels v. Pena*, 789 F.2d 836, 839 (10th Cir.1986); *see Bauge v. Jernigan*, 669 F.Supp. 348, 352–53 (D.Colo.1987). The Jacobs fail to state a claim for relief against the Breckenridge defendants.

To the extent that Jacobs may assert a section 1983 claim for negligent failure of the Breckenridge defendants to enforce criminal laws and investigate with due care, it too must fail. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); *see Hightower v. Schaubhut*, No. 89–3243, 1990 WL 58129 (E.D.La. Apr. 27, 1990) (LEXIS Genfed library, Dist file); *Sahagian v. United States*, No. 86–C–4593, slip op. at 1, 1987 WL 11384 (N.D.Ill. May 21, 1987) (LEXIS Genfed library, Dist file); *Maloney*, 596 F.Supp. at 1165.

### B. *Unlawful Retention and Disposal of Personal Property*

■ The Jacobs further allege that Anderson of the Breckenridge Police Department, and officers from the Summit County Sheriff's Department, executed a writ of restitution on the leased house. The Jacobs allege that the officers "dis-carded certain personal property of the plaintiffs' " and refused to allow them "to remove the remainder of their property." Complaint ¶ 73. Further, the Jacobs assert that Anderson physically and verbally assaulted Andrea Jacobs. Complaint ¶ 76. Finally, the Jacobs allege that Anderson retained possession and disposed of the Jacobs' personal property without due process.

The Breckenridge defendants move to dismiss this claim on two grounds. First, they contend that the Jacobs have failed to comply with the Colorado Governmental Immunity Act, *see* Colo.Rev.Stat, § 24–10–109. Further, they argue that, to the extent the complaint alleges the tort of assault against Anderson, the statute of limitations has run. I need not decide either issue, however, because I decline to exercise pendent jurisdiction over these state claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Peterson v. Jackson*, Nos. 82–3189 & 83–3234, 1988 WL 110474 (D.Ma. Oct. 18, 1988) (LEXIS Genfed library, Dist file); *Brown v. District of Columbia*, 638 F.Supp. 1479, 1489–90 (D.D.C. 1986).

■ Furthermore, the claim does not set forth a violation of due process. At best, the ninth claim is one for conversion under Colorado state tort law. The civil rights statutes do not federalize state tort law. *Huxall v. First State Bank*, 842 F.2d 249, 252 (10th Cir.1988); *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir.1887).

### III. MOTION FOR SUMMARY JUDGMENT FILED BY DUJMOVIC

■ Defendant Dujmovic, pursuant to my order, briefed his affirmative defense of res judicata (claim preclusion). Dujmovic contends that the Summit County District Court judgment precludes the claims brought in this action. I treated the brief as a motion for summary judgment and granted the Jacobs leave to respond. The motion for summary judgment is now fully briefed.

 The full-faith-and-credit clause, U.S. Const. art. IV., § 1, and 28 U.S.C. § 1738 (1976), requires that I give state court judgments the same preclusive effect as would the courts of the forum state. *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Hence, I look to Colorado law in determining what preclusive effect to give the Summit County Court judgment. *See Carter v. City of Emporia*, 815 F.2d 617, 619 (10th Cir.1987).

 Under Colorado claim preclusion law, an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim. It bars relitigation of all issues actually presented and all issues that could have been presented. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396, 399 (1973); *Manka v. Martin*, 200 Colo. 260, 614 P.2d 875 (1980), *cert. denied*, 450 U.S. 913, 101 S.Ct. 1354, 67 L.Ed.2d 338 (1981). "Applicability of the doctrine depends on whether there is, in both the previous and subsequent actions, identity of the cause of action, identity of subject matter, identity of parties, and identity of capacity in the persons for whom or against whom the claim is made." *Miller v. Lunnon*, 703 P.2d 640, 643 (Colo. App.1985); *see State Eng'r v. Smith Cattle, Inc.*, 780 P.2d 546, 549 (Colo.1989). To have preclusive effect under Colorado law, a judgment must be issued by a court with subject matter jurisdiction, *State Eng'r*, 780 P.2d at 549. It must also have been made "on the merits." *Dash v. Rubey*, 144 Colo. 481, 357 P.2d 81, 83 (1960).

The Summit County District Court proceeding was initiated on March 5, 1986 by Dujmovic as a forcible entry and detainer action. In that action, the Jacobs presented a counterclaim alleging, among other things, unlawful deprivation of personal property and unconstitutionality of the landlord lien statute. After the Jacobs filed a number of motions, Judge Ruckriegle was notified by Dujmovic that the Jacobs no longer resided in Colorado. On Dujmovic's motion, Judge Ruckriegle ordered the Jacobs to post a cost bond pursuant to Colo.Rev.Stat. § 13–16–102. After the Jacobs failed to post the bond within the time allowed, Judge Ruckriegle dismissed the counterclaim with prejudice.

Dujmovic argues that the claims the Jacobs wage against him in the present action were presented in the Summit County District Court proceedings and that relitigation here is inappropriate. The Jacobs do not contest that they raise the same claims here as they raised by counterclaim in the Summit County Court proceeding. Nor do they contend that this action is different in subject matter, capacity or parties. Rather, they argue that: (1) certain actions by Judge Ruckriegle in the state court action were unconstitutional; (2) the dismissal was not on the merits; and (3) claim preclusion does not apply to constitutional claims.

A federal district court may not review the decisions of a state court even if claimant alleges that the state court decisions are unconstitutional. *Van Sickle*, 791 F.2d at 1436. The Jacobs essentially ask that I review the actions of Judge Ruckriegle and his orders. I have no power to do so. Thus, the Jacobs' first argument against the motion for summary judgment is without merit.

Furthermore, although based on the Jacobs' failure to comply with Judge Ruckriegle's order that they post a cost bond, dismissal is on the merits for purposes of claim preclusion. *See, e.g., Browning Debenture Holders' Comm. v. DASA Corp.*, 605 F.2d 35, 39 (2d Cir.1978); *Phillips v. Arizona Bd. of Regents*, 123 Ariz. 596, 601 P.2d 596 (1979); *see also In re Reed*, 861 F.2d 1381, 1382–83 (5th Cir.1988) (preclusive effect given to dismissal based on failure to comply with discovery order); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4440 (1981 & supp. 1990).

Judge Ruckriegle dismissed the Jacob's counterclaim pursuant to Colo.R.Civ.P. 41(b)(1). That rule provides for dismissal for failure of a party to comply with a court order. Under the rule, "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this section (b) and any dismissal not provided for in this

Rule, other than a dismissal for failure to prosecute, for lack of jurisdiction, for failure to file a complaint under Rule 3, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." The Order dismissing the counterclaim was expressly "with prejudice," *Dujmovic v. Jacobs*, No. 86CV74, Order of June 10, 1988 (Summit County, Colo.), and was based on the Jacobs' "wilful failure to comply with the Court's Order pursuant to Rule 41(b)(1)," Order of Aug. 4, 1988 at 5. Accordingly, this is not a dismissal based on lack of jurisdiction or any other exception in rule 41(b)(1). *See Phillips*, 601 P.2d at 598–99.

In *Saylor v. Lindsley*, 391 F.2d 965 (2d Cir.1968), relied on by the Jacobs, the Second Circuit held that the failure to post a bond-for-costs is not on the merits. *Saylor*, however, rested on considerations not present here. First, *Saylor* was a shareholder derivative action in which the Second Circuit "refused to preclude a *new plaintiff* from bringing a shareholders derivative action where a *prior plaintiff* had failed to post bond in the early stages of the litigation." *Browning*, 605 F.2d at 39 (distinguishing *Saylor*) (emphasis in original). Challenges based on claim or issue preclusion are dealt with differently in shareholder derivative actions than in other contexts. *See, e.g., Papilsky v. Berndt*, 466 F.2d 251, 257 (2d Cir.), *cert. denied*, 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972); *Colan v. Monumental Corp.*, 524 F.Supp. 1023, 1024–25 (N.D.Ill.1981). Second, in *Saylor*, the litigation had not progressed far enough to require preparation by the parties. In the Summit County action, however, the Dujmovic's faced multiple motions by the Jacobs, including a motion for partial summary judgment. *See Browning*, 605 F.2d at 39.

Nor is *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), of assistance. In *Costello*, the first action to revoke the defendant's citizenship was dismissed because an affidavit of good cause had not been filed with the complaint. The affidavit was a prerequisite to the initiation of denaturalization proceedings. The Supreme Court held that the dismissal of the first action was not on the merits because the Fed.R.Civ.P. 41(b) jurisdictional exception extends to "those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of the substantive claim." *Costello*, 365 U.S. at 285, 81 S.Ct. at 544.

Here, however, there was no precondition in the Summit Court action that prevented Judge Ruckriegle from considering the substance of the Jacobs' counterclaim. *See Kimmel v. Texas Commerce Bank*, 817 F.2d 39, 40–41 (7th Cir.1987). Indeed, Judge Ruckriegle *did* consider the counterclaim when ruling on the Jacobs' motion for partial summary judgment. The requirement that the Jacobs post a cost bond was thus not jurisdictional.

■ Finally, contrary to the Jacobs' assertion, a Colorado court judgment on a section 1983 claim has the same preclusive effect in federal court as it would in Colorado courts. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 80–85, 104 S.Ct. 892, 895–98, 79 L.Ed.2d 56 (1984). Consequently, the claims against Dujmovic, including the section 1983 claims and the challenge to the constitutionality of the landlord lien statute, are precluded by the Summit County District Court judgment.

IV. VERIFIED MOTION FOR PARTIAL SUMMARY JUDGMENT FILED BY THE JACOBS AND CROSS-MOTION FOR SUMMARY JUDGMENT FILED BY THE SUMMIT DEFENDANTS

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is appropriate against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

**1524**

The nonmovant must offer evidence to dispute the facts demonstrated by the evidence of the movant. *R–G Denver, Ltd. v. First City Holdings of Colorado,* 789 F.2d 1469, 1471 (10th Cir.1986). The nonmovant cannot rely on conclusory allegations in an affidavit. *Lujan v. National Wildlife Fed'n,* —— U.S. ——, ——, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695, 716 (1990).

The Jacobs move for summary judgment: (1) declaring the Colorado Landlord's Lien statute, Colo.Rev.Stat. § 38–20–102(3), unconstitutional under the equal protection clause of the fourteenth amendment, under the right to privacy founded in the fourth amendment, and under the due process clause of the fourteenth amendment; (2) finding that Judge Ruckriegle violated Maria Jacob's substantive due process and equal protection rights in the Summit County District Court proceedings; (3) finding that the Summit County Sheriff's Department violated the Jacobs' due process and equal protection rights by aiding in the landlord's lien and refraining from intervening in the execution of the lien by Dujmovic; (4) finding that the Summit County Sheriff's Department and the Breckenridge Police Department, by arbitrarily abusing their power, violated the Jacobs' right to due process; and (5) finding that defendant Dujmovic violated Rule 102 of the Colorado Rules of Civil Procedure by placing a landlord's lien on the Jacobs' personal property.

As previously discussed, the issue of the constitutionality of Colo.Rev.Stat. § 38–20–102(3) has been litigated by the Jacobs in the Summit County District Court. Relitigation of that claim is precluded here. In addition, as previously discussed, the claims against Judge Ruckriegle are without merit.

### A. *Claims Against the Summit and Breckenridge Defendants*

The Summit defendants cross-move for summary judgment arguing that: (1) I should abstain from addressing the Jacob's claims; (2) Colo.Rev.Stat. 38–20–102(3) is constitutional; (3) Summit defendants sheriff Delbert Ewoldt (Ewoldt) and Deputy

Sheriff Randy Strawn (Strawn) are entitled to absolute or qualified immunity; and (4) the Jacobs have not stated a claim against the Summit defendants because they have made no showing of a custom, policy or practice leading to a constitutional deprivation.

#### 1. Abstention

■■■■ The Summit defendants urge that abstention is appropriate here. Abstention is a discretionary doctrine. *Ramos v. Lamm,* 639 F.2d 559, 564 & n. 4 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). I may refuse to exercise jurisdiction, where it exists, only in exceptional circumstances. *Ramos,* 639 F.2d at 564. I conclude that this case is not so extraordinary as to require abstention. *See First Nat'l Bank & Trust Co v. Lawing,* 731 F.2d 680, 682–83 (10th Cir.1984).

#### 2. Constitutionality of Colorado's Landlord Lien Statute

As previously determined, this question has been litigated to an end by the Jacobs in the Summit County Court action. Consequently, as postured here, I need not reach the Summit County defendants claim that the Colorado landlord's lien statute is constitutional.

#### 3. Immunity for Ewoldt and Strawn

■■■ It is undisputed that the Summit County District Court issued a writ of restitution which Sheriff Ewoldt executed. The parties also agree that Deputy Strawn's actions were pursuant to that writ. The parties also agree that neither Ewoldt nor Strawn attempted to stop Dujmovic from asserting his lien and taking custody of the property. The Summit defendants contend that Ewoldt and Strawn are immune from suit in these circumstances. I agree.

In *Valdez v. City & County of Denver,* 878 F.2d 1285, 1286 (10th Cir.1989), the Tenth Circuit held, in the context of summary judgment, that "an official charged with the duty of executing a facially valid court order enjoys absolute immunity from liability for damages in a suit challenging conduct prescribed by that order."

The present case falls squarely within this immunity doctrine. The writ of restitution is facially valid, and all the alleged acts were undertaken pursuant to that writ. *See also Henry v. Farmer City State Bank,* 808 F.2d 1228, 1239 (7th Cir. 1986) ("[t]he proper procedure for a party who wishes to contest the legality of a court order enforcing a judgment is to appeal … not to sue the official responsible for its judgment"); *Tymiak v. Omodt,* 676 F.2d 306, 308 (8th Cir.1982) (sheriff immune from § 1983 claims for executing eviction order).

It is irrelevant that the Summit defendants did not attempt to impede the execution of the writ of restitution, even assuming that the underlying statute was unconstitutional. Indeed, immunity is afforded, in part, so that "[o]fficials must not be called upon to answer for the legality of decisions which they are powerless to control." *Valdez,* 878 F.2d at 1289. It is enough, for immunity to attach, that Ewoldt and Strawn were aiding in the execution of a facially valid writ.

■ Ewoldt and Strawn are also protected by qualified immunity. As the Tenth Circuit held, "[w]hen government officials are performing discretionary functions, they will not be held liable for their conduct unless their actions violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pueblo Neighborhood Health Centers v. Losavio,* 847 F.2d 642, 645 (10th Cir.1988).

The Jacobs have the burden on this immunity question. *Lutz v. Weld County School Dist.,* 784 F.2d 340, 342–43 (10th Cir.1986). They have failed, however, to provide even a scintilla of specific, nonconclusory evidence that the actions of the defendants were objectively unreasonable. Accordingly, summary judgment is appropriate. *Losavio,* 847 F.2d at 650.

#### 4. Custom, Policy or Practice and Participation

■ To state a claim under section 1983 against a governmental official or entity, the plaintiff must show a custom, policy or practice that caused plaintiff to suffer a constitutional deprivation. *Monell v. New York Dep't of Social Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Lee v. Estes Park,* 820 F.2d 1112, 1116 (10th Cir.1987). "[A] single incident of unconstitutional conduct will not support a finding of a municipal policy." *Lusby v. T.G. & Y. Stores, Inc.,* 796 F.2d 1307, 1312 n. 5 (10th Cir.), *cert. denied,* 479 U.S. 884, 107 S.Ct. 275, 93 L.Ed.2d 251 (1986). Furthermore, before an individual may be held liable under section 1983, the plaintiff must show a nexus between the individual's conduct and the constitutional deprivation. *Lee,* 820 F.2d at 1116 & n. 3.

■ As to the Board of County Commissioners of the County of Summit, the Jacobs have failed to meet their summary judgment burden of showing that it adopted a policy, custom or procedure that caused constitutional violations, or that there is a question of fact as to the existence of such a policy. The only evidence tendered on this issue was a pamphlet, produced by the Denver District Attorney's Office of Consumer Fraud, briefly outlining the rights of both landlords and tenants. The pamphlet can not be characterized as promoting the use of the landlord lien. Rather, the pamphlet warns landlords that lien actions are complex and risky. Thus, even assuming that the Summit defendants adopted its contents as policy, the policy is not one to lead to a deprivation of constitutional rights.

Additionally, it is not clear what policy, custom or practice it is that the Jacobs contend caused the alleged constitutional violations. To the extent that the policy is the execution of court orders, *Valdez* precludes a section 1983 action. If I were to now declare the statute unconstitutional, the Summit defendants could avail themselves of qualified immunity as well. *Losavio,* 847 F.2d at 645. Finally, if the Jacobs allege a policy of encouraging use of the landlord lien, they have failed to show that the Summit defendants adopted such a position.

■ Furthermore, the constitutional deprivation alleged apparently has its roots

in the Jacobs' assertion that the landlord lien statute is unconstitutional. The Jacobs are precluded from again litigating that question. Thus, section 1983 will not serve to defeat the principles of claim preclusion by allowing the Jacobs to repeat their challenge to the statute. Consequently, the Jacobs have failed both to show that the Summit governmental entities have adopted a policy, custom or practice, and that such policy custom or practice caused a constitutional deprivation.

■ Likewise, the Jacobs have failed to identify any participation by the Summit County Administrator, Bruce Baumgartner (Baumgartner), in the alleged deprivation of constitutional rights. This is essential for a section 1983 claim. *Bennett v. Passic,* 545 F.2d 1260, 1262–63 (10th Cir.1976). Vicarious liability is not recognized in section 1983 actions. *Pembaur v. Cincinnati,* 475 U.S. 469, 476, 106 S.Ct. 1292, 1296, 89 L.Ed.2d 452 (1986); *Mee v. Jefferson County Sheriff's Department,* 744 F.Supp 252, 254 (D.Colo.1990). Consequently, summary judgment is appropriate as to Baumgartner as well as the other Summit defendants.

### B. *Claims Against Dujmovic*

■ As previously discussed, the claims against Dujmovic are precluded by the judgment entered in the Summit County Court proceeding. Thus, the Jacobs motion for summary judgment is denied.

In addition, the Jacobs failed to serve Valerie Dujmovic. By my Order of November 20, 1985, I granted the Jacobs leave to show cause why Valerie Dujmovic should not be dismissed for failure of the Jacobs to prosecute. The Jacobs have not shown good cause. Consequently, Valerie Dujmovic is dismissed from this action.

Accordingly, it is ORDERED THAT the

(1) Motion to Dismiss filed by the Honorable Judge Terry Ruckriegle, Summit District Judge is GRANTED;

(2) Motion to Dismiss filed by the Breckenridge Police Department, Chief of Police Al Kiburas, Officer Steve Anderson, and Secretary Barbara Hanfland is

(a) GRANTED as to the federal claims and

(b) GRANTED WITHOUT PREJUDICE as to the state claims;

(3) Motion for Summary Judgment filed by Marc Dujmovic is GRANTED;

(4) Verified Motion for Partial Summary Judgment filed by Maria Jacobs, Bridgette Jacobs, Andrea Jacobs, and Dennis Jacobs is DENIED;

(5) Cross–Motion for Summary Judgment filed by the Board of County Commissioners of the County of Summit, Colorado, County Administrator Bruce Baumgartner, the Summit County Sheriff's Department, Sheriff Delbert Ewoldt and Deputy Sheriff Randy Strawn is GRANTED; and

(6) Jacobs having failed to show cause why service was not made on Valerie Dujmovic, all claims against Valerie Dujmovic are DISMISSED for failure to prosecute;

(7) Each party shall bear its own costs.