940 F.2d 1392
 Maria JACOBS; Brigette Jacobs; Andrea Jacobs; Dennis
Jacobs, Plaintiffs-Appellants,
v.
Mark DUJMOVIC; Valerie Dujmovic; the Board of County
Commissioners of the County of Summit; Bruce Baumgartner;
the Summit County Sheriff's Department; Delbert Ewoldt;
Randy Strawn; Breckenridge Police; Al Kiburas; Steve
Anderson; Barbara Hanfland; Terry Ruckriegle, Defendants-Appellees.
 No. 91-1015.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 16, 1991.
 
 Appeal from the United States District Court for the District of Colorado; Lewis T. Babcock, Judge.
 
 
 1
 Maria Jacobs, Brigette Jacobs, Andrea Jacobs, and Dennis Jacobs, pro se.
 
 
 2
 Cathy S. Harris, Thomas J. Lyons, of Hall & Evans, Denver, Colo., for defendants-appellees Bd. of County Com'rs of the County of Summit, Bruce Baumgartner, The Summit County Sheriff's Dept., Sheriff Delbert Ewoldt, and Deputy Sheriff Randy Strawn.
 
 
 3
 Theodore S. Halaby, James B. Buck, of Halaby & McCrea, Denver, Colo., for defendants-appellees Breckenridge Police Dept., Chief of Police Al Kiburas, Officer Steve Anderson, and Secretary Barbara Hanfland.
 
 
 4
 Gale A. Norton, Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy R. Arnold, Deputy Atty. Gen., Gregg E. Kay, First Asst. Atty. Gen., George S. Meyer, Asst. Atty. Gen., Tort Litigation Section, Denver, Colo., for defendant-appellee The Honorable Terry Ruckriegle.
 
 
 5
 Before LOGAN, MOORE and BALDOCK, Circuit Judges.
 
 
 6
 PER CURIAM.
 
 
 7
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 8
 Plaintiffs Maria Jacobs, Brigette Jacobs, Andrea Jacobs, and Dennis Jacobs appeal the district court's order denying plaintiffs' verified motion for partial summary judgment, dismissing defendants Breckenridge Police Department, Chief of Police Al Kiburas, Officer Steve Anderson, and Secretary Barbara Hanfland (the Breckenridge defendants), Valerie Dujmovic, and the Honorable Terry Ruckriegle, and granting summary judgment to defendants Board of County Commissioners of Summit County, Colorado, County Administrator Bruce Baumgartner, Summit County Sheriff's Department, Sheriff Delbert Ewoldt, and Deputy Sheriff Randy Strawn (the Summit County defendants), and Marc Dujmovic. Jacobs v. Dujmovic, 752 F.Supp. 1516, 1526 (D.Colo.1990).
 
 
 9
 In this action brought pursuant to 42 U.S.C. Sec. 1983, plaintiffs claimed violations of various constitutional rights arising out of defendant Marc Dujmovic's assertion of a landlord's lien against plaintiffs' personal property under Colo.Rev.Stat. Sec. 38-12-102, and subsequent actions by the remaining defendants in connection with 1) the lien, 2) Dujmovic's action for unlawful detainer, and 3) plaintiff's counterclaims. Id. at 1519. On appeal, plaintiffs, pro se, argue: 1) res judicata does not preclude the district court from considering the merits of their suit, 2) they are not required on summary judgment to show a custom, policy, or practice by the Summit County defendants to state a claim under section 1983, 3) the district court erred in dismissing certain claims for failure to state a claim, and 4) immunity does not bar plaintiffs' claims against Judge Ruckriegle, the Summit County defendants, and the Breckenridge defendants.
 
 
 10
 This court has jurisdiction by virtue of 28 U.S.C. Sec. 1291. We review this case de novo, applying the same standard as the trial court. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988) (summary judgment); Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986) (sufficiency of a complaint to state a claim). Construing plaintiffs' complaint liberally, as required by Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and based on our review of the appellate record, the parties' briefs, and the pertinent law, we conclude the district court correctly decided this case.
 
 
 11
 Therefore, for substantially the same reasons contained in the district court's memorandum opinion and order, Jacobs, 752 F.Supp. 1516, and on the basis of the authorities therein, the judgment of the United States District Court for the District of Colorado is AFFIRMED.