**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

BILLY R. MELOT,

        Defendant-Appellant,

and

KATHERINE L. MELOT; KLM TRUST;
LEIGH CORPORATION; SUZANNE
CORPORATION; MIRROR FARMS,
INC.; C.D. EXPRESS, INC.,

        Defendants.

_____

No. 14-2044
(D.C. No. 2:09-CV-00752-JCH-WPL)
(D. N.M.)

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

KATHERINE L. MELOT,

        Defendant-Appellant,

and

BILLY R. MELOT; KLM TRUST;
LEIGH CORPORATION; SUZANNE
CORPORATION; MIRROR FARMS,
INC.; C.D. EXPRESS, INC.,

        Defendants.

No. 14-2045
(D.C. No. 2:09-CV-00752-JCH-WPL)
(D. N.M.)

---

**ORDER DISMISSING APPEALS AS MOOT**

---

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

---

The district court issued an order for ejectment by the U.S. Marshal. Order (Mar. 25, 2014) (Doc. 433). Under that order, the Marshal was to forcibly remove Mrs. Melot and her family from property that had been sold in partial satisfaction of the Melots' tax obligations. Mr. and Mrs. Melot appeal, and the United States moves for dismissal of Mrs. Melot's appeal on the ground of mootness.[1] We grant the United States' motion, concluding that the appeals are moot not only for Mrs. Melot, but also for Mr. Melot.

"In general, a federal court cannot give opinions absent a live case or controversy before it. A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *Office of Thrift Supervision v. Overland Park Fin. Corp. (In re Overland Park Fin. Corp.)*, 236 F.3d 1246, 1254 (10th Cir. 2001) (citation and internal quotation marks omitted). Though the United States does not address mootness for Mr. Melot, we must address the issue *sua sponte*. *See United States v. Hernandez-Garduno*, 460 F.3d 1287, 1291 (10th Cir. 2006).

---

[1] The United States moves for dismissal of Mr. Melot's appeal based on standing. We need not address Mr. Melot's standing because his appeal is moot.

Neither appellant currently resides at the property.  And in other appeals (Nos. 13-2225 & 13-2226), the United States informed this court that the property had been sold on July 21, 2014.  Therefore, the Melots cannot resume residing at the property (even if Mr. Melot were to obtain release from prison).  Under these circumstances, the appeals are moot because we cannot provide any effective relief to either appellant.  *See Tymiak v. Omodt*, 676 F.2d 306, 308 (8th Cir. 1982) (per curiam) (holding that a request to enjoin an order of ejectment is moot because the requesting party had already been evicted from the premises by law enforcement officials).  Accordingly, we grant the United States' motion to dismiss Mrs. Melot's appeal and *sua sponte* dismiss Mr. Melot's appeal.

We grant the Melots' motions for leave to respond out of time and to appear in forma pauperis.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -